Jules JANIS, Appellant,

v.

**MELVIN SIMON ASSOCIATES, INC., et al., Appellees.**

No. 13–98–055–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1999.

Rehearing Overruled Oct. 28, 1999.

**648**

Denis A. Downey, Downey & Sullivan, Brownsville, for appellant.

Reynaldo G. Garza, Jr., Garza & Garza, Eduardo R. Rodriguez, Rodriguez, Colvin & Chaney, Brownsville, Juan R. Molina, Weslaco, for appellee.

Before Justices DORSEY, CHAVEZ, and RODRIGUEZ.

## O P I N I O N

Opinion by Justice DORSEY.

Jules Janis and his two personally held corporations, Chicago of McAllen, Inc., and Chicago Two, Inc., sued Simon Management Co., Melvin Simon & Associates, Simon Development Co, and Mesa Hills Mall Co., L.P. d/b/a Sunland Park Mall, El Paso, (collectively Simon) over a dispute concerning Simon's misrepresentations to Janis relating to leasing space to him in retail malls. Janis and his two corporations alleged violations of the DTPA, fraud, breach of contract, and intentional infliction of emotional distress. The trial court granted summary judgment for Simon. By a single point of error Janis complains the court erred in granting summary judgment against him individually. We affirm.

Jules Janis alleges[1] that he wanted to open a women's clothing store at La Plaza Mall in McAllen, Texas, which is owned and operated by the Simon conglomerate. Simon owned or managed shopping malls throughout the United States and Mexico. Janis claims that Simon's agents told him there was no space for him in the mall in McAllen, but if he opened a store in Simon's mall in El Paso, Texas, Sunland Park Mall, he would be given the first good retail space available in La Plaza Mall in McAllen. Janis claims that Simon made these misrepresentations to him concerning the operations of the El Paso mall: (1) that it was doing $200 of retail business per square foot; (2) that the mall would be aggressively marketed in Mexico (which was Janis' desired sales market); (3) that certain large or famous national or local El Paso stores would soon become tenants in Sunland Park Mall; and (4) that the retail stores in the mall would be "upscale."

Based upon these representations Janis agreed to lease space in Sunland Park Mall as a prerequisite to obtaining the desired space in La Plaza Mall in McAllen. He chartered a corporation, Chicago Two, Inc., to take the lease in the Sunland Park Mall and to operate the store there, which began operating in 1990.

On November 4, 1991, he received from Simon a proposed lease for retail space in La Plaza Mall space. However, he later received correspondence from Simon asserting that the deal was "on hold" because of possible plans to expand La Plaza Mall.

In 1992 Janis closed his store in Sunland Park Mall due to poor business. He claims the problems with that store resulted from failings of the mall itself, and the misrepresentations made by Simon regarding the quality of the mall. Specifically, Janis complained that the major tenants of the mall did not arrive as promised, Sunland Park Mall did not make a major marketing effort in Mexico as promised,

---

1. All allegations are found in Janis' second- amended petition.

and sales in the mall did not average $200 per square foot in retail business.

Janis and his two corporations sued Simon based on the its representations. They asserted causes of action for violations of the DTPA, fraud, breach of contract, and malicious prosecution of a civil suit. Suit was filed on December 23, 1992.

Simon along with McAllen Mall Co., L.P.,[2] filed a motion for partial summary judgment asserting that (1) the two-year statute of limitations in section 17.565 of the business and commerce code barred the plaintiffs' DTPA claims, (2) the statute of frauds and the statute of conveyances barred plaintiffs' claims regarding Simon's alleged promise to provide acceptable lease space at La Plaza Mall, (3) Jules Janis, individually, had no DTPA, fraud, or breach of contract claims, and (4) Jules Janis had no claim for emotional distress and the two-year statute of limitations barred this claim.

The plaintiffs responded to the motion for Summary Judgment. As to the defense of limitations, they alleged ongoing promises about obtaining good space in La Plaza Mall. These assurances of lease space in that mall ended when the defendants unilaterally froze Janis' pending La Plaza Mall lease in February of 1992. Plaintiffs allege that within a few months of that date through the spring of 1992, defendants continued to falsely represent that new, major Sunland Park Mall tenants were coming and that mall business was improving, resulting in plaintiffs keeping their store open in Sunland Park Mall. Plaintiffs alleged that defendants withheld facts, preventing the discovery of such facts until 1991 and 1995, respectively. Janis asserted that detrimental reliance, partial performance, and equitable promissory estoppel placed his contractual cause of action outside the statute of frauds and statute of conveyances. Janis asserted

that he could recover individually because Simon made all of the misrepresentations to him, individually, with the intent that he act individually on the misrepresentations. He stated that he sought or acquired goods or services in his individual capacity. Finally, Janis asserted that because of the fraud and DTPA violations he was damaged emotionally and physically. These damages are recoverable as elements of damages under those causes of action.

The trial court granted the motion for partial summary judgment on all the grounds asserted by Simon.[3] Thereafter the trial court severed Jules Janis' claims against all of the defendants from the remainder of the lawsuit. This appeal followed.

### Standard of Review

 Summary judgment for a defendant is proper when the defendant negates at least one element of each of the plaintiff's theories of recovery, *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997), or pleads and conclusively establishes each element of an affirmative defense. *Science Spectrum*, 941 S.W.2d at 911; *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). When reviewing a summary judgment we take as true all evidence favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex.1985).

By his sole issue on appeal Janis asserts the trial court erred in granting summary judgment against him individually.

### STATUTE OF FRAUDS

 One basis of Simon's motion for summary judgment was that the statute of frauds and the statute of conveyances prevented Janis from recovering damages for

---

2. Janis' second-amended petition did not list McAllen Mall Co., L.P., as a defendant.

3. The trial court also ordered that Chicago, Inc., take nothing against Simon even though Chicago, Inc., is not named as a plaintiff in the second-amended petition.

its alleged failure to provide him retail space in La Plaza Mall. Janis does not argue on appeal that the trial court erred in granting summary judgment on these grounds. Because the trial court granted summary judgment, properly or improperly, on a ground which Janis did not challenge on appeal we affirm that portion of the summary judgment preventing Janis' recovery for any damages relating to this alleged misrepresentation. *Holloway v. Starnes*, 840 S.W.2d 14, 23 (Tex.App.—Dallas 1992, writ denied); *King v. Texas Employers' Ins. Ass'n*, 716 S.W.2d 181, 182–83 (Tex.App.—Fort Worth 1986, no writ); *see Pena v. State Farm Lloyds*, 980 S.W.2d 949, 959 (Tex.App.—Corpus Christi 1998, no writ).[4]

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

■■■ In his second amended petition, appellant alleged that Simon took various legal actions against him for failure to pay rent that were groundless and outrageous conduct constituting intentional infliction of emotional distress. Simon moved for summary judgment on the grounds that Janis did not have a claim for emotional distress and, if he did, it was barred by limitations. Janis did not argue on appeal that the trial court erred in granting summary judgment on those grounds. Because the trial court granted summary judgment, properly or improperly, on a ground not challenged by Janis on appeal, we affirm the summary judgment on this cause of action. *See Pena*, 980 S.W.2d at 959; *King*, 716 S.W.2d at 182–83.

## DTPA

Simon's first basis for summary judgment on Janis' DTPA claim was that the two-year statute of limitations found in section 17.565 of the business and commerce code barred the claim. Section 17.565 provides:

All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice. . . .

Tex. Bus. & Com.Code Ann. § 17.565 (Vernon 1987).

■■■ The statute of limitations is an affirmative defense. Tex.R. Civ. P. 94. Thus a defendant has the initial burden to plead and prove its plea of limitations. *See Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex.1988). On motion for summary judgment the defendant has the burden to negate the discovery rule by proving as a matter of law that no issue of material fact exists concerning when the plaintiff discovered or should have discovered the events. *Woods*, 769 S.W.2d at 518 n. 2; *Weaver v. Witt*, 561 S.W.2d 792, 794 (Tex.1977).

This suit involved two categories of misrepresentations. The first category is the misrepresentation that Janis would receive good retail space in La Plaza Mall if he opened a store in Sunland Park Mall. The second category included those misrepresentations relating to Sunland Park Mall. Because the summary judgment as to the representations of leasing space at La Plaza Mall is sustained, we will not consider whether limitations would bar that part of the cause of action.

As to the misrepresentations of the quality of Sunland Park Mall in El Paso, Janis alleged the DTPA was violated as a result of those misrepresentations. Those asserted violations were: (1) misrepresentations that retail sales at the mall averaged $200 per square foot, that the mall would be aggressively marketed in Mexico, and that Janis' store would produce immediate,

---

**4.** In *Pena* we stated that an appellant has the burden to challenge the grounds for the summary judgment and present at least some argument for his or her case on appeal. *Pena*, 980 S.W.2d at 959.

positive cash flow and that mall business had improved at the rate of twenty percent per year the first year that Janis was in the mall and was continuing to improve through 1992, and (2) failure to disclose that the women's wear sales figures in the mall were extremely low, and that the mall was being refinanced and needed a certain number of tenants to gain refinancing.

The representations made were inducements for Janis to put a store in that mall, and were necessarily made before he opened the store. Janis opened his store in Sunland Park Mall in July 1990, and closed it in July 1992. Suit was filed December 23, 1992. The statute of limitations in section 17.565 of the DTPA bars all claims filed after two years from the date the deceptive act or practice occurred or was discovered or should have been discovered. The representations are the deceptive acts complained of here, and all were made prior to July 1990. An action based on those representations is barred unless the representations were not discovered to be false until after December 23, 1990, two years before the action was filed.

 By moving for summary judgment on the basis of limitations Simon assumed the burden of showing as a matter of law that limitations barred Janis' suit. *See Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex.1996); *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983) (per curiam); *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975) (per curiam). As summary-judgment movant Simon had the burden to prove as a matter of law when Janis discovered or should have discovered that the representations were false. *Weaver*, 561 S.W.2d at 794; *Zale Corp.*, 520 S.W.2d at 891.

Simon argues that by September of 1990, Janis knew that matters at Sunland Park Mall were not as he claimed Simon had represented or promised. Simon relies on a letter dated August 28, 1990, which Janis wrote to Len Wienman at Melvin Simon & Associates. In this letter Janis told Wienman

I also spoke to you about the lack of Mexican traffic. Our parking lot is empty, while I can go to Bassett Mall or Ciela Vista, and find cars from all parts of Mexico. . . .

We have been advertising in Juarez, and further South to Chihuahua (which by the way is a City of one million, and one of the five richest cities in Mexico). The Mall does not advertise in Chihuahua and very little in Jurarez.

Since I last spoke to you and mentioned this, a small by-line appeared in the Mall newspaper stating they would "look" into the Mexican market which might be a secondary market. This is incorrect—Mexico is the prime market and should be looked into immediately not next year.

We have built a beautiful store here in Sunland. The merchandise is outstanding, but we have nobody to sell to. We get an occasional Mexican customer and Anglos. We know the business is out there, but I am not strong enough to bring them across by myself.

We were told that Sunland did approximately $200 per sq. ft. It was with this information that we built this beautiful store as I promised you I would. Basing 2100 ft. at $200 per ft., would give us $400,000 the first year. With the proper traffic, this would be normal business. My expectations were to surpass $200 per sq. ft.

. . . However, for a store of this caliber and stature, we only look for fair days; at this time $500 to $1,000 per day. How can a store like this have so many zero days?

For example, September 16th (which is on a Sunday) is one of the biggest holidays—Mexican Independence Day. This should have been advertised as a 4 day event with a Mexican theme. . . . Every Mall along the border, including San Antonio and Houston, celebrate.

Here at Sunland nothing is being done....

In his letter, Janis complains of the lack of business and the mall's failure to advertise in Mexico. He mentions that he relied on Simon's representations that the Mall does $200 per square foot, and indicates he has not been doing it. Janis was on notice that the representations made to him to induce him to move into Sunland Mall were false, or he should have so discovered when he wrote his letter of August 28, 1990.

Janis' claim is barred by limitations.

We affirm the judgment.