NUMBER 13-99-130-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


______________________________________________________________________


JOSEPH A. HANSLER
, Appellant,


v.



JOSEPH P. WENDT, PURDUE INVESTMENTS, 

INCORPORATION, A TEXAS CORPORATION
, Appellees.

__________________________________________________________________


On appeal from the 105th District Court


of Nueces County, Texas.


__________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Chavez and Rodriguez


Opinion by Chief Justice Seerden





 This appeal involves a summary judgment in a declaratory suit alleging causes of
action including fraud and malpractice. We affirm the trial court's order granting summary
judgment. 

Statement of Facts


 Joseph A. Hansler sued Joseph P. Wendt and Purdue Investments, Inc. (hereinafter
collectively referred to as "Wendt") on June 4, 1997. Hansler's complaints against Wendt
fell within two general categories. First, Hansler complained that Wendt fraudulently
purported to transfer real property belonging to Hansler. Second, Hansler alleged that
Wendt committed fraud and malpractice as a trustee regarding trust property. 

 Wendt moved for summary judgment on all claims, alleging that Hansler's claims
were barred by laches, the statute of limitations, release, failure of consideration, accord and
satisfaction, offset and set off, waiver, estoppel, the statute of frauds, and res judicata. In
granting the summary judgment, the trial court stated that it was granting the motion on
limitations and statute of frauds issues. However, the trial court's order granting Wendt's
motion for summary judgment does not specify the ground on which it was granted. We
affirm the trial court's ruling on the affirmative defense of limitations.

Standard of Review

 Defendants' motion was brought on both no-evidence and traditional grounds. See
Tex. R. Civ. P. 166a; 166a(i). Because this opinion discusses the traditional aspects of
Wendt's summary judgment, we will focus on the standard of review applicable to such
motions. 

 In a summary judgment, the movant has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of law. American
Tobacco Co., v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). In deciding whether there is
a disputed material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true. Id. Every reasonable inference must be indulged in favor
of the nonmovant, and any doubts must be resolved in favor of the nonmovant. Id. When
a defendant moves for summary judgment on its affirmative defense, it must prove each
element of its defense as a matter of law, leaving no issues of material fact. See, e.g., Gross
v. Kahanek, 3 S.W.3d 518, 519 (Tex. 1999).

Background

 In 1975, Joseph A. Hansler and wife Micheline Hansler set up separate trusts for each
of their minor children, Toben Alan Hansler and Tara Pauline Hansler. Under the trust
agreements, which are essentially identical, Joseph A. Hansler ("Hansler") was identified
as a trustor and Joseph P. Wendt was to serve as trustee. The trusts were initially funded
with stock shares, and were intended to be funded with additional capital in the future. 
Under the trust agreements, Hansler as a trustor expressly disavowed any interest in the trust
corpus or income. 

 On March 22, 1980, Hansler executed a contract for the purchase of realty (the
"Purdue" property) from Ernie Larson and Doris Larson. According to this contract,
Hansler was the purchaser of the property. The deed itself, executed on May 12, 1980,
shows a conveyance of the property to "Joseph Wendt, Trustee." 

 Hansler alleges that Wendt was to have held this property as trustee with two-thirds
undivided interest being vested in Toben Hansler and Tara Hansler, as beneficiaries of the
trusts. Hansler contends that he personally retained a one-third undivided interest in this
property by virtue of an oral agreement with Wendt. This agreement was not reduced to
writing.

 Hansler became dissatisfied with Wendt's performance as trustee, and ultimately
came to believe that Wendt committed malpractice in handling the trusts and committed
fraud with regard to trust assets. After an investigation by Hansler, Hansler's children filed
suit against Wendt in 1992. The Hansler children sought a declaration that the trusts be
dissolved, and further sought damages for fraud, negligence, conversion, and breach of
fiduciary duties.

Statute of Limitations


 As an initial matter, we note that Hansler argues that the four year statute of
limitations for actions relating to the trusts should begin when the trusts are terminated. 
Hansler further asserts that the trusts have not yet been terminated because of a lack of a
final report and disposition of the property in the trust or alleged to be in the trust. Hansler
cites no authority for either proposition, and the record before this court shows that the trusts
at issue were terminated by an agreed judgment entered March 12, 1996. We will therefore
apply the statutes of limitations applicable to the alleged causes of action, considering these
facts under the longest of the applicable limitations periods. See Tex. Civ. Prac. & Rem.
Code §§16.004, 16.051 (Vernon 1986 and Supp. 2000)(four year statute of limitations).

 A defendant moving for summary judgment on the affirmative defense of limitations
has the burden to conclusively establish that defense. KPMG Peat Marwick v. Harrison
County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). Thus, the defendant must (1)
conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if
it applies and has been pleaded or otherwise raised, by proving as a matter of law that there
is no genuine issue of material fact about when the plaintiff discovered, or in the exercise
of reasonable diligence should have discovered the nature of its injury. Id.

 Generally, in a case of fraud the statute of limitations does not commence to run until
the fraud is discovered or until it might have been discovered by the exercise of reasonable
diligence. Little v. Smith, 943 S.W.2d 414, 420 (Tex. 1997); see Ruebeck v. Hunt, 176
S.W.2d 738, 739 (Tex. 1944). Similarly, when there has been a breach of fiduciary duty,
the statute of limitations does not begin to run until the claimant knew or should have known
of facts that in the exercise of reasonable diligence would have led to the discovery of the
wrongful act. Little, 943 S.W.2d at 420.

 Wendt properly pleaded the affirmative bar of limitations in his answer. Tex. R. Civ.
P. 94. Wendt thus had the initial burden to plead and prove his plea of limitations. See
Woods v. William M. Mercer, Inc., 769 S.W.2d 515, 517 (Tex. 1988). Hansler invoked the
discovery rule in his petition and his response to Wendt's motion for summary judgment. 
On motion for summary judgment, the defendant has the burden to negate the discovery rule
by proving as a matter of law that no issue of material fact exists concerning when the
plaintiff discovered or should have discovered the events. Woods, 769 S.W.2d at 518 n. 2; 
Weaver v. Witt, 561 S.W.2d 792, 794 (Tex. 1977); Janis v. Melvin Simon Ass., Inc., 2
S.W.3d 647, 650 (Tex. App.­Corpus Christi 1999, pet. denied).

 Inquiries involving the discovery rule usually entail questions for the trier of fact. 
Childs v. Haussecker, 974 S.W.2d 31, 44 (Tex. 1998). However, the commencement of the
limitations period may be determined as a matter of law if reasonable minds could not differ
about the conclusion to be drawn from the facts in the record. Id. In conducting our review
of the record, all evidence favorable to Hansler must be taken as true and all reasonable
inferences and doubts must be resolved in his favor. Id.

Analysis 


 We first note that Hansler's summary judgment response lacks evidence on the issue
of limitations. Hansler's affidavit itself does not address limitations, but instead purports
to verify the contents of the summary judgment response as within his personal knowledge,
and true and correct. These statements will not suffice to render the response itself as
competent summary judgment evidence. Even if verified, a mere pleading or a response to
the summary judgment motion does not satisfy the non-movant's burden to come forward
with sufficient evidence to prevent summary judgment. American Petrofina, Inc. v. Allen,
887 S.W.2d 829, 830 (Tex. 1994); see also Keenan v. Gibraltar Sav. Ass'n, 754 S.W.2d
392, 394 (Tex. App.--Houston [14th Dist.] 1988, no writ)(pleadings and responses, even if
verified, are not summary judgment evidence).

 We will thus focus on the evidence presented by Wendt, which largely consists of
Hansler's own deposition testimony. The record establishes that Hansler knew or suspected
that Wendt had committed fraud regarding the trust property and Purdue property prior to
or during 1992.

 Hansler testified that his son requested an accounting as to trust assets from Wendt
in 1990 or 1991, but Wendt failed to furnish the accounting as requested. Hansler then
instructed his daughter to similarly request an accounting, at which point Wendt informed
her that there were no assets or funds in the trust. Hansler subsequently asked Wendt for an
accounting. Upon meeting with Wendt, Hansler discovered that Wendt had drawn money
from the trusts for his family's use and further discovered that there was "nothing" left in
either trust. 

 As a consequence, Hansler then visited the individuals who set up the trusts, the
district attorney, and an attorney. He further reported Wendt's alleged wrongdoings to the
police. Hansler admitted that when he went to the police, he felt that Wendt had breached
his duty to him both as a trustor and as an owner of the Purdue property. 

 At that time, Hansler retained an attorney to represent his children in a lawsuit against
Wendt. Toben Alan Hansler and Tara Pauline Hansler filed suit against Wendt in 1992
seeking a declaration that their trusts be dissolved, and damages for fraud, negligence,
conversion, and breach of fiduciary duties. Hansler testified that he knew at that time that
he had made a terrible mistake in judgment regarding Wendt. Hansler admitted that he felt
Wendt was a thief prior to the filing of his children's lawsuit against Wendt. 

Conclusion


 The record shows that Hansler knew or should have known of Wendt's alleged fraud
and malpractice more than four years prior to the filing of the instant lawsuit in June of
1997. Hansler personally initiated the investigations regarding the trusts's property itself in
1990 or 1991, and suit was initially filed in 1992 at the instigation of Hansler as a result of
Hansler's suspicions about the trust corpus. Thus, Hansler's allegations regarding the trust
itself are barred by limitations. 

 Hansler's allegations regarding the Purdue property must also fail. By Hansler's own
testimony, two-thirds of the Purdue property resided in the children's trusts. Thus, Hansler
knew that Wendt had allegedly dissipated or converted part of the Purdue property when he
learned that the trusts had no assets. At this point, Hansler was in possession of facts
sufficient to cause him to distrust Wendt, and to put an ordinarily prudent person on inquiry. 
See El Paso Elec. Co. v. Raynolds Holding Co., 128 Tex. 495, 100 S.W.2d 97, 101-02
(1937). Reasonable minds cannot conclude that Hansler should not have known of facts that
in the exercise of reasonable diligence would have led to the discovery that Wendt was
claiming title to a one-third interest in the Purdue property. Little, 943 S.W.2d at 420.

 Hansler failed to defeat Wendt's affirmative defense of limitations, and summary
judgment was properly rendered in favor of Wendt. We affirm.



 _______________________________

 ROBERT J. SEERDEN, Chief Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 1st day of June, 2000.