**Richard BAILEY and Linda Bailey, Appellants,**

v.

**GULF STATES UTILITIES COMPANY and Entergy Corporation, Appellees.**

No. 09–00–157 CV.

Court of Appeals of Texas, Beaumont.

Submitted Aug. 31, 2000.

Decided Oct. 12, 2000.

Rehearing Overruled Nov. 16, 2000.

714

Jimmy W. Nettles, Beaumont, for appellant.

Gerald R. Flatten, Rienstra, Dowell & Flatten, Beaumont, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

This is an appeal from the granting of a summary judgment. The sole point of error, which the appellants divide into five sub-points, contends the trial court erred in granting summary judgment.

In 1993, Richard Bailey and Linda Bailey filed a suit for an injunction, alleging Gulf States Utilities threatend to disconnect their electricity for non-payment of a disputed bill. A supplemental petition requested damages for mental anguish arising from causes of action for oppressive conduct, negligence, negligent infliction of emotional distress, intention infliction of emotional distress, and breach of good faith and fair dealing. The Baileys also amended their petition to add Energy Corporation as the successor in interest to Gulf States Utilities.

Entergy Gulf States, Inc., f/k/a Gulf States Utilities Company ("GSU") and Entergy Corporation ("Entergy") filed a "no evidence" motion for summary judgment. *See* Tex.R.Civ.P. 166a(i). The motion challenged each cause of action separately. The Baileys filed a response that attached rules of the Public Utility Commission, an affidavit by the Baileys and testimony before the PUC by Karen R. Johnson, the President of Entergy Gulf States, Inc. Then the Baileys amended their petition to add a cause of action for deceptive trade practices. *See* Tex. Bus. & Com.Code Ann. § 17.46(b)(5),(7),(12) and (23) (Vernon Supp.2000). The trial court granted the defendants' interlocutory summary judgment on the claims for negligent infliction of emotional distress, intentional infliction of emotional distress, breach of duty of good faith and fair dealing, and the claims relating to merger of GSU and Entergy.

GSU addressed the Baileys' DTPA claim in a second motion for summary judgment, challenging the Baileys' status as consumers and alleging electricity is not a "good or service" under the DTPA. Entergy did not join the motion for summary judg-

ment. The Baileys' second response added an affidavit supporting their status as consumers and the state of electricity as a good or of its provision as a service. The trial court granted summary judgment on all claims. The Baileys appealed.

■ With the exception of the DTPA claim, judgment was granted solely upon "no evidence" motions for summary judgment. Tex.R.Civ.P. 166a(i). In a "no evidence" summary judgment appeal, we must review the evidence in the light most favorable to the non-movants, disregarding all contrary evidence and inferences; the summary judgment is improperly granted if the non-movants counter with more than a scintilla of probative evidence to raise a genuine issue of material fact. *Lampasas v. Spring Center, Inc.,* 988 S.W.2d 428, 432 (Tex.App.—Houston [14th Dist.] 1999, no pet.); *Macias v. Fiesta Mart, Inc.,* 988 S.W.2d 316, 317 (Tex.App.—Houston [1st Dist.] 1999, no pet.). Judgment on the DTPA claims was granted upon a motion based on both Rule 166a(i) and 166a(c). Under the traditional standard, the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movants will be taken as true; and every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor. *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548–49 (Tex.1985).

The Baileys moved to Florida in 1994, terminating their electric service with GSU and making the issue of injunctive relief moot. The disputed bill was paid by a guarantor who did not join this litigation. Mental anguish is the only damage alleged to have been sustained by the Baileys.

The motion alleged the appellees were entitled to summary judgment on the Baileys' claims for negligence and negligent infliction of emotional distress because the

tort for negligent infliction of emotional distress is not acknowledged in Texas. The Baileys do not raise any error regarding these claims. *See Boyles v. Kerr*, 855 S.W.2d 593 (Tex.1993).

In their first sub-point, the Baileys argue that "oppressive conduct" is a distinct cause of action ignored by the trial court in the summary judgment but recognized by the Supreme Court in *Southwestern Gas & Elec. Co. v. Stanley*, 123 Tex. 157, 70 S.W.2d 413 (1934). In *Stanley*, the utility company cut off electricity to the customer's residence based upon non-payment of a disputed bill on a separate account for the customer's business. Actual damages were awarded by the jury and that award was not challenged on appeal. The only issue before the Supreme Court was whether the award of exemplary damages was justified. *Id.* at 414. The court held, "When a public service company turns off or disconnects its service to coerce the payment of an unauthorized demand, the consumer may recover punitive damages where the circumstances justify it." *Id.* at 415.[1] *Stanley* stands for the proposition that "oppressive conduct" will justify an award of exemplary damages, but does not recognize "oppressive conduct" as a separate tort. Sub-point "a" is overruled.

Sub-point "b" contends, "GSU breached a duty of good faith and fair dealing with its customers by failing to

follow § 23.45 of the rules and regulations of the Texas Public Utility Commission regarding disputed bills by collecting the disputed bill from a guarantor without resolution of the dispute with resulting damages to the appellants."

As grounds for summary judgment on the cause of action for breach of duty of good faith and faith dealing, the motion urged: 1) there was no evidence of a special relationship between GSU and the Baileys; 2) GSU's conduct did not constitute a breach of duty; and 3) the Baileys suffered no compensable harm. *Stanley* recognized that a public utility has a duty to supply electricity that is independent of its duties under its contract with its customer. *Id.* 70 S.W.2d at 415. Of course, GSU did not interrupt the Baileys' supply of electricity. We need not decide whether a violation of PUC Rule § 23.45(i) [2] (advising the customer of the complaint procedures of the commission and concerning payment of portion of disputed bill) will support a cause of action in the absence of disconnection of service, because the Baileys do not challenge an independent basis for summary judgment: that the Baileys suffered no compensable harm.[3]

Assuming the Baileys' point of error is a general challenge to the granting of summary judgment, our review is still limited to the arguments raised in their brief. *See Malooly Bros. v. Napier*, 461

---

1. Modern jurisprudence separates damages for breach of contract from the damages recoverable for the independent tort. *See Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 44–47 (Tex.1998); *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex.1986). Actual damages sustained from a tort must be proven before punitive damages are available. *Twin City Fire Ins. Co. v. Davis*, 904 S.W.2d 663, 666 (Tex.1995).

2. For the current version of this Rule, *see* 16 TAC § 25.26(e) (2000).

3. The Baileys' response to the motion for summary judgment stated they "suffered harm, severe mental anguish, severe embarrassment and humiliation" when the guaran-

tor paid the disputed bill. The affidavit attached to the response stated, "The mental anguish, and emotional distress was and is a 10 on a scale of 1–10 when one realizes that the utility company does not care what its responsibilities is to the public, that it just runs over the citizens and does whatever it wants to do." The conclusory statement that their distress was a 10 does not raise a fact issue by identifying any probative evidence of the elements of mental anguish set forth in *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex.1995) (requiring direct evidence of the nature, duration, and severity of the mental anguish, establishing a substantial disruption in his or her daily routine).

S.W.2d 119, 121 (Tex.1970); *San Jacinto River Authority v. Duke,* 783 S.W.2d 209, 209–10 (Tex.1990); *Pena v. State Farm Lloyds,* 980 S.W.2d 949, 959 (Tex.App.—Corpus Christi 1998, no pet .)(appellants arguing under a general point of error must challenge each of the grounds for the summary judgment and present at least some argument on appeal). Because the trial court granted summary judgment, properly or improperly, on a ground which the Baileys do not challenge on appeal, sub-point "b" is overruled.

Sub-point "d" contends there is a fact issue "whether or not the overall conduct of GSU in circumventing the law and ignoring § 23.45 of the rules and regulations of the Texas Public Utility Commission regarding collection of disputed bills constituted an intentional infliction of emotional distress upon appellants with resulting damages." The elements of intentional infliction of emotional distress are: 1) the defendant acted intentionally or recklessly; 2) the conduct was extreme and outrageous; 3) the actions of the defendant caused the plaintiff emotional distress; and 4) the emotional distress suffered by the plaintiffs was severe. *Twyman v. Twyman,* 855 S.W.2d 619, 621 (Tex.1993). The appellees moved for judgment on the cause of action for intentional infliction of emotional distress on the following grounds: 1) no evidence of intent to cause severe emotional distress and 2) no evidence that the Baileys suffered severe emotional distress. Emotional distress includes all highly unpleasant mental reactions such as embarrassment, fright, hor-ror, grief, shame, humiliation, and worry. *GTE Southwest, Inc. v. Bruce,* 998 S.W.2d 605, 618 (Tex.1999). Severe emotional distress is distress that is so severe that no reasonable person could be expected to endure it. *Id.*

The Baileys' brief does not identify the evidence that raises a fact issue on the elements challenged by the appellees, other than to refer us to their pleadings and responses. Their entire argument addresses the second element of the tort, outrageous conduct, but that is not the element upon which the appellees obtained the summary judgment.[4] The appellees would be entitled to judgment regardless of the viability of the fact issue argued on appeal. Because the trial court granted summary judgment on grounds which the Baileys do not challenge on appeal, sub-point "d" is overruled.

Sub-point "c" urges the case presents a fact issue "whether or not GSU committed a deceptive trade practice against its consumers-appellants by intentionally ignoring § 23.45 of the rules and regulations of the Texas Public Utility Commission pertaining to collection of disputed bills with resulting damages to appellants." The appellees alleged they were entitled to summary judgment on the Baileys' DTPA claims because electricity is not the basis of their DTPA claim, therefore, the Baileys were not "consumers," and because electricity is neither a "good" nor a "service" but is intangible.

The DTPA definition of "consumer" includes an individual who seeks or acquires by purchase or lease, any goods

4. An affidavit attached to the first response states, "After we learned that GSU was not supposed to disconnect electrical services wherein the bill was DISPUTED, and after we contacted the Texas Public Utility Commission in Austin, Texas, GSU continued to threaten to cut off our electricity services.... I, Linda Bailey, called the office of the Utility Company, again, after receiving the cut off notice when it had said that it would not cut off out electricity, and after I repeated the bill was DISPUTED, the representative said there was nothing that could be done, to either pay or get cut off." From this, we might infer that GSU did not inform the customer of the complaint procedures of the commission or the procedure for calculating average monthly usage. Even if we glean some measure of intent from the silence of GSU's employees, the only mention of emotional distress in the summary judgment evidence is the conclusory statement that the Baileys were humiliated when their guarantor paid their bill, and that their emotional distress rated a 10 on a 1–10 scale.

or services. TEX.BUS. & COM.CODE ANN. § 17.45(4) (Vernon Pamph.2000). The goods or services sought or acquired must form the basis of the complaint. *Sherman Simon Enterprises, Inc. v. Lorac Service Corp.*, 724 S.W.2d 13, 15 (Tex.1987). The appellees argue this a billing dispute and billing is incidental to the provision of power to the location.

■ The Baileys became obligated to pay for electricity they acquired from GSU. The means of making a consumer purchase is a transaction, so that deceptive practices in financing the transaction are actionable under the DTPA. *See Knight v. International Harvester Credit Corp.*, 627 S.W.2d 382, 389 (Tex.1982). In the case upon which the appellees rely, *GTE Mobilnet of South Texas Ltd. Partnership v. Telecell Cellular, Inc.*, 955 S.W.2d 286, 293 (Tex.App.—Houston [1st Dist.] 1997, pet. denied), the plaintiffs were agents whose acquisition of services was incidental to the agency agreements that formed the litigated transaction. By contrast, in our case, the alleged deceptive practice arose directly from a transaction in which the Baileys acquired electricity through purchase. The only transaction in this case was the purchase of electric power and attendant obligation to pay for it.

Next, the appellees contend a cause of action under the DTPA will not inhere because electricity is intangible. Under the DTPA, "goods" means tangible chattels. TEX.BUS. & COM.CODE ANN. § 17.45(1) (Vernon Pamph.2000). The Supreme Court has held that electricity is a "product" for product liability purposes. *See* RESTATEMENT (SECOND) OF TORTS § 402A (1965). *Houston Lighting & Power Co. v. Reynolds*, 765 S.W.2d 784, 785 (Tex.1988). In its opinion, the court rejected the reasoning of a case which had held that electricity is not "goods," but is "services" under Chapter 2 of the Uniform Commercial Code. *See Navarro County Elec. Co-op., Inc. v. Prince*, 640 S.W.2d 398, 400 (Tex.App.—Waco 1982, no writ). The Supreme Court held:

We agree with the better reasoned opinions of other jurisdictions which hold electricity to be a product. Electricity is a commodity, which, like other goods, can be manufactured, transported and sold. *Pierce v. Pacific Gas & Elec. Co.*, 166 Cal.App.3d 68, 81, 212 Cal.Rptr. 283, 290 (1985). Electricity is a form of energy that can be made or produced by man, confined, controlled, transmitted and distributed to be used as an energy source for heat, power and light. *Ransome v. Wisconsin Elec. Power Co.*, 87 Wis.2d 605, 610, 275 N.W.2d 641, 643 (1979).

*Reynolds,* 765 S.W.2d at 785.

■ The Baileys were the end users of the electric power, which was provided by GSU and measured through a meter attached to the Baileys' house. They claimed the meter was changed and that they disputed the amount of electricity GSU claimed they consumed in a particular period of time. We hold the appellants were "consumers" for purposes of the Texas Deceptive Trade Practices Act. The trial court erred in granting summary judgment on their DTPA claim. Sub-point "c" is sustained.

■ Sub-point "e" urges there is a fact question "whether or not a merger of companies occurred between GSU and Entergy Corporation under the law of Texas requiring the surviving company to be an indispensable party to the suit." Entergy Corporation filed a verified denial that it is a successor corporation or survivor of Entergy Gulf States f/k/a Gulf States Utilities, or that it is liable for the alleged acts or omissions of GSU. Entergy based its motion on a lack of evidence of any of three. forms of succession, including that Gulf States Utilities combined with any other corporation, the survivor of which was Entergy Corporation. In response to the motion, the Baileys submitted a portion of a document titled "Agreement and Plan of Reorganization between Entergy Corporation and Gulf States Utilities."

Although the Baileys did not include the portion of the document which outlined the allocation of liabilities, by producing a merger agreement they did produce some evidence that raises a fact issue that Gulf States Utilities combined with any other corporation, the survivor of which was Entergy Corporation. Sub-point "e" is sustained.

The appellants' point of error is sustained in part and overruled in part. We reverse that part of the judgment which orders that Richard Bailey and Linda Bailey take nothing against Entergy Gulf States, Inc., f/k/a Gulf States Utilities Company and Entergy Corporation on their claims under the Texas Deceptive Trade Practices Act, and remand the cause to the trial court. The remainder of the judgment, ordering that Richard Bailey and Linda Bailey take nothing against Entergy Gulf States, Inc., f/k/a Gulf States Utilities Company on their claims for negligence, intentional infliction of emotional distress, breach of duty of good faith and fair dealing, and oppressive conduct, is affirmed. Costs of appeal are assessed against the appellees.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.