In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-223 CV


____________________



MARK EDWARD FOUTS, Appellant



V.



LITTLE CYPRESS-MAURICEVILLE I.S.D., Appellee






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause No. B-000351-C






MEMORANDUM OPINION


 Mark Edward Fouts filed suit against Little Cypress-Mauriceville Independent
School District, (LCM) alleging violations of the Texas Whistleblower Act and the Texas
Constitution. LCM filed a no-evidence motion for summary judgment pursuant to Tex.
R. Civ. P. 166a(i). The trial court granted the motion. Fouts brings this appeal claiming
the trial court erred in granting judgment for LCM.

 The Whistleblower Act provides that a state or local governmental body may not
terminate a public employee who reports a violation of law to an appropriate law
enforcement authority if the report is made in good faith. See Tex. Gov't Code Ann. §
554.002 (Vernon Supp. 2004). LCM contended there was no evidence Fouts reported a
violation of law to an appropriate law enforcement authority. We agree. The record
reflects Fouts reported the violation to Dr. H. Lamar Hebert, District Superintendent, who
Fouts alleged was "an appropriate law enforcement agent." We are aware of no authority
for the proposition that a school district superintendent is "an appropriate law enforcement
authority" under the Act. See Texas Dep't of Transp. v. Needham, 82 S.W.3d 314 (Tex.
2002); City of Beaumont v. Bouillion, 896 S.W.2d 143, 146 (Tex. 1995). Accordingly,
we find the trial court did not err in granting summary judgment in favor of LCM on
Fouts' claims under the Act.

 As to Fouts' cause of action for violation of his right to free speech under the Texas
Constitution, LCM asserted there was no evidence Fouts' speech addressed a matter of
public concern or was a motivating factor for his termination. The brief asserts Fouts'
report of the private use of public property, which was made to Dr. Hebert, addressed a
matter of public concern. Speech which is not disseminated to others to inform them of
wrongdoing by a public employer is not considered a matter of public concern. See Brown
v. Montgomery County Hosp. Dist., 929 S.W.2d 577, 587 (Tex. App.--Beaumont 1996),
rev'd on other grounds, 965 S.W.2d 501 (Tex. 1998). If the speech at issue was made
primarily in the plaintiff's role as an employee, rather than in his role as citizen, it did not
address an issue of public concern. Id. A no-evidence summary judgment is improperly
granted if the non-movant counters with more than a scintilla of probative evidence to raise
a genuine issue of material fact. Bailey v. Gulf States Utilities Co., 27 S.W.3d 713, 715
(Tex. App.--Beaumont 2000, pet. denied). Neither the response nor supplemental
response to LCM's motion directs the trial court to any probative evidence on whether the
speech involved a matter of public concern. Fout's brief on appeal likewise does not refer
this court to any such evidence. Accordingly, we find Fouts has failed to demonstrate the
trial court erred in granting LCM's motion for summary judgment as to the free speech
claim. 

 Appellant's issues are overruled and the judgment of the trial court is AFFIRMED.

 PER CURIAM


Submitted on September 23, 2004

Opinion Delivered October 28, 2004



Before McKeithen, C.J., Burgess and Gaultney, JJ.