Affirmed, and Memorandum Opinion filed September 21, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00639-CV

___________________

 

Kim Combs d/b/a Moonvine Financial Services,
Appellant

 

v.

 

Prosperity Bank, Appellee



 



 

On
Appeal from the 334th District Court

Harris County,
Texas



Trial Court Cause No. 2007-48526A

 



 

 

MEMORANDUM  OPINION

Appellant,
Kim Combs, attempted to insert extra provisions into a standardized bank form
and then sued appellee, Prosperity Bank, for failing to comply with his
additional demands.  In the absence of evidence that Prosperity actually agreed
to the revised terms, the trial court granted summary judgment on Combs’s
claims for breach of contract and fraud.  We affirm.

I.

Background

In December 2003,
appellant, Kim Combs d/b/a Moonvine Financial Services (collectively, “Combs”)
agreed to lease three pieces of medical equipment to Dr. Roger C. Willette for
a period of four years.  To facilitate Willette’s monthly lease payments, the
parties decided to arrange for an automatic transfer of money, on a monthly
basis, out of Willette’s bank account and into Combs’s account.

At the time, Willette
maintained a bank account with the appellee, Prosperity Bank (“Prosperity”).  As
a prerequisite to any automatic transfers out of a customer’s account, Prosperity
insisted upon written authorization from that customer, here, Willette. 
Accordingly, Willette completed and signed a standardized document, called an
“automatic transfer agreement” (the “ATA”), authorizing automatic transfers
from his account.

The pertinent provisions
of the preprinted ATA form indicated that automatic transfers would remain in
effect until terminated “by one of us.”  However, Combs crossed out that quoted
language, apparently with Willette’s permission, and replaced it with the
language “by both of us.”  He then gave the executed ATA to one of Prosperity’s
bank tellers, who reportedly placed it into a file.  Combs does not recall
whether the teller signed the ATA, and the record does not indicate that he
otherwise alerted the teller to the altered language he had inserted into the
form.  Combs did not keep a copy of the ATA, and the document now cannot be
located.

In August 2006, roughly
a year before the lease payments were to conclude, Willette ordered Prosperity
to immediately cease making automatic transfers from his account.  Prosperity
complied with his instructions.  Apparently, Willette made no further payments
on the lease agreement after that date.

Combs sued Willette for
breach of the lease agreement.  In addition, Combs sued Prosperity, alleging
breach of contract and fraud, for canceling the automatic transfers in
compliance with its customer’s instructions but without Combs’s permission. 
Prosperity moved for traditional and no-evidence summary judgment on all
claims.  The trial court granted the motion, prompting this appeal.

II.

Standard of
Review

We review a trial
court’s grant of summary judgment under well-established standards.  See
Seidner v. Citibank (S.D.) N.A., 201 S.W.3d 332, 334 (Tex. App.—Houston
[14th Dist.] 2006, pet. denied).  We consider the summary-judgment motion and
evidence de novo, but also view the evidence in the light most favorable
to the non-movant.  See Valence Operating Co. v. Dorsett, 164 S.W.3d
656, 661 (Tex. 2005); Va. Power Energy Mktg., Inc. v. Apache Corp., 297
S.W.3d 397, 402 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).  We employ
those same standards in reviewing a no-evidence summary judgment.  See U.S.
Bank Nat’l Ass’n v. Stanley, 297 S.W.3d 815, 819 (Tex. App.—Houston [14th
Dist.] 2009, no pet.); see also King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 751 (Tex. 2003) (“[A] no-evidence summary judgment is improperly granted
if the respondent brings forth more than a scintilla of probative evidence to
raise a genuine issue of material fact.”).

In this case, the trial
court granted summary judgment but did not identify the specific basis for its
ruling.  Therefore, on appeal, Combs must raise and defeat each ground upon
which summary judgment might have been granted, properly or improperly.  See
Chappell Hill Bank v. Smith, 257 S.W.3d 320, 324 (Tex. App.—Houston [14th
Dist.] 2008, no pet.) (“[T]he appealing party must show that it is error to
base it on any ground asserted in the motion.”); Bailey v. Gulf States
Utils. Co., 27 S.W.3d 713, 717 (Tex. App.—Beaumont 2000, pet. denied).

III.

Analysis

On appeal, Prosperity
presents several new grounds in support of the trial court’s decision to grant
summary judgment.[1] 
However, these additional arguments were not raised below, and we may not
affirm summary judgment on grounds not expressly set forth in Prosperity’s
motion.  See Stiles v. Resolution Trust Corp., 867 S.W.2d 24, 26 (Tex.
1993); J.M.K. 6, Inc. v. Gregg & Gregg, P.C., 192 S.W.3d 189, 204–05
(Tex. App.—Houston [14th Dist.] 2006, no pet.).  Therefore, we must confine our
analysis to the arguments actually presented in the motion for summary judgment.

A.        Breach
of Contract

Prosperity raised three
summary-judgment arguments, which included both traditional and no-evidence
grounds, to defeat Combs’s claims for breach of contract.[2]  All three
arguments relate, in some fashion, to its claim that there was no evidence Prosperity
signed the altered ATA form or otherwise agreed to assume any contractual duty
to Combs, notwithstanding his efforts to insert additional terms into
the document.[3] 
Therefore, we begin with that ground.

In a general sense, a
breach of contract occurs when a party fails or refuses to do something it has
promised to do.  See West v. Triple B Servs., LLP, 264 S.W.3d 440, 446
(Tex. App.—Houston [14th Dist.] 2008, no pet.).  When that occurs, a plaintiff
may recover for breach of contract by proving (1) the existence of a valid
agreement between the plaintiff and defendant, (2) the plaintiff tendered
performance or was legally excused from doing so, (3) the defendant breached
the terms of the parties’ agreement, and (4) the plaintiff suffered damages
resulting from the defendant’s breach.  See id.

Thus, as a threshold
matter, a plaintiff suing for breach of contract must prove that the parties
actually reached some enforceable agreement.  See id.  The
elements of a legally enforceable contract include (1) an offer, (2) a clear
and definite acceptance in strict compliance with the terms of the offer, (3) a
meeting of the minds between the parties, (4) each party’s consent to the terms
of the offer, and (5) execution and delivery of the contract with the intent to
treat it as mutual and binding.  See Parker Drilling Co. v. Romfor Supply
Co., 316 S.W.3d 68, 72–73 (Tex. App.—Houston [14th Dist.] 2010, no pet.
h.); Wal-Mart Stores, Inc. v. Lopez, 93 S.W.3d 548, 555–56 (Tex. App.—Houston
[14th Dist.] 2002, no pet.).

In this case, the record
contains no evidence that Prosperity knew of, much less accepted, the substitute
terms Combs inserted into the standardized ATA form.  On that point, Combs
testified as follows:

Q.        What happened to the [ATA] card at that point?

A.        I
took it back on my way back towards Houston – or the Woodlands, I guess.  I
dropped it by the bank, handed it to [the teller] and she said “Great” and she
put it in a file.

Q.        Okay.  Did she sign it?

A.        I don’t recall.

. . . .

Q.        . . . Do you recall if it had a space for a
signature by a bank officer?

A.        I do not recall.[4]

. . . .

A.        When
I dropped it off, I don’t remember if she signed it or didn’t sign it . . .
.[5]

 

In
addition, the record contains no evidence that would otherwise indicate Prosperity’s
express agreement to assume any contractual duties to Combs under an ATA
respecting withdrawals from the bank account of a different person,
Willette.

In some circumstances, a
plaintiff may plead and prove that two parties entered into an implied
contract, in which the parties’ agreement to the terms may be inferred from
their conduct and course of dealing.  See Parker Drilling, 316 S.W.3d at
73; Wal-Mart, 93 S.W.3d at 557; Hallmark v. Hand, 833 S.W.2d 603,
607 (Tex. App.—Corpus Christi 1992, writ denied).  Here, however, Combs did not
plead, and has not argued, the existence of an implied contract.  Therefore, we
may not consider that possibility sua sponte.  See AKIB Constr., Inc.
v. Neff Rental, Inc., No. 14-07-00063-CV, 2008 WL 878935, at *4 n.5 (Tex.
App.—Houston [14th Dist.] Apr. 3, 2008, no pet.) (mem. op.) (declining to
consider possibility of implied contract where issue was not raised by party); Crull
v. Rhodes, No. 2-04-235-CV, 2005 WL 737473, at *4 (Tex. App.—Fort Worth
Mar. 31, 2005, no pet.) (mem. op.) (holding plaintiff may not recover on
implied-contract theory not supported by its pleadings); Stern v. Wonzer,
846 S.W.2d 939, 945 (Tex. App.—Houston [1st Dist.] 1993, no writ).

In this case, the record
contains no evidence suggesting Combs and Prosperity entered into a legally
enforceable agreement.  Therefore, we hold the trial court properly granted a
no-evidence summary judgment on Combs’s claims for breach of contract.  See Tex.
R. Civ. P. 166a(i) (“The court must grant the motion unless the
respondent produces summary judgment evidence raising a genuine issue of
material fact.”) (emphasis added); Parker Drilling, 316 S.W.3d at 74–75. 
Accordingly, we affirm summary judgment on appellant’s breach-of-contract
claims against Prosperity.

B.        Fraud

Prosperity also moved
for summary judgment on Combs’s fraud claims, arguing, among other things,[6] that appellant’s
pleadings were insufficient to support a claim for fraud.  Specifically,
Prosperity argued:

Fraud requires proof of (1) a
representation; (2) that is false; (3) made with intent to defraud; and (4)
from which the plaintiff suffered damages.  The Amended Petition fails to even
allege that the Bank made a misrepresentation of a material fact, that was
false when made, or that it was made with the intention of committing fraud. 
The Bank is entitled to summary judgment on that basis alone.

 

Combs
did not respond to that argument below and has not attacked that ground on
appeal.  Therefore, relying on binding authority from the Texas Supreme Court,
we must affirm summary judgment on that basis.

We may not reverse a
trial court’s judgment in the absence of properly assigned error.  Vawter v.
Garvey, 786 S.W.2d 263, 264 (Tex. 1990).  Therefore, it is incumbent upon an
appealing party to challenge and negate all possible grounds on which
summary judgment could have been granted, properly or improperly.[7]  See Chappell
Hill, 257 S.W.3d at 324; Bailey, 27 S.W.3d at 717; Janis v.
Melvin Simon Assocs., Inc., 2 S.W.3d 647, 650 (Tex. App.—Corpus Christi
1999, pet. denied) (“Because the trial court granted summary judgment, properly
or improperly, on a ground which Janis did not challenge on appeal[,] we
affirm that portion of the summary judgment . . . .”) (emphasis added).  

The Texas Supreme Court
has previously addressed the very same fact pattern presented here.  In Vawter
v. Garvey, the trial court granted summary judgment on the basis of an
alleged pleading defect.  See Vawter, 786 S.W.2d at 263–64.  The court
of appeals reversed because “the proper method for attacking sufficiency of the
pleadings is by special exception” rather than summary judgment.  See id.
at 264.  However, Garvey had not raised that complaint in response to the
motion for summary judgment or on appeal.  See id.  Accordingly, the
Texas Supreme Court reversed, holding the appellate court erred by sua
sponte raising that ground for reversal.  See id.

Vawter is
controlling here.[8] 
Therefore, for the same reason, we must affirm summary judgment on appellant’s
fraud claims against Prosperity.  See Vawter, 786 S.W.2d at 264; San
Jacinto River Auth. v. Duke, 783 S.W.2d 209, 210 (Tex. 1990); Chappell
Hill, 257 S.W.3d at 324.

IV.

Conclusion

We find no merit in the
issues presented.  Accordingly, we affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

 

Panel consists of Justices
Brown, Sullivan, and Christopher.

 









[1] For example, Prosperity
contends it cannot be liable for fraud because the record contains no evidence
of any representation in which it agreed to comply with Combs’s alterations to
its standardized form.  See, e.g., Gray v. Waste Res., Inc., 222 S.W.3d
522, 524 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (confirming action for
fraud requires, among other things, proof of material representation by
defendant).





[2] Prosperity also asserted,
as alternative summary-judgment grounds, the affirmative defenses of laches,
ratification, and failure to mitigate.  However, the trial court expressly
rejected those arguments, and we do not address them here because Prosperity has
not filed a cross-appeal complaining about that portion of the court’s ruling. 
See Tex. R. App. P. 25.1(c); Kelly v. Brown, 260 S.W.3d 212, 217
(Tex. App.—Dallas 2008, pet. denied).





[3] Appellee’s other two
arguments involved the statute of frauds and parol evidence rule.  Because we
affirm summary judgment on Prosperity’s no-evidence argument, we need not reach
either of these alternative grounds.  See Tex. R. App. P. 47.1.





[4] During his deposition,
Combs was shown an exemplar ATA form apparently in use by Prosperity at some
unspecified time.  That document contained a signature blank bearing the
notation, “Accepted by Prosperity representative.”  However, Combs could not
remember whether the revised ATA he had submitted also contained that
language, explaining, “I mean, I saw [the ATA] one time.”





[5] (Emphases added). 
Because Combs offered no evidence that the bank clerk signed the altered ATA,
we need not reach the hypothetical question of whether a teller could ever
unilaterally bind a bank to additional terms and obligations inserted into a
standardized bank form.





[6] In addition, Prosperity
contended (1) Combs’s fraud claims were barred by the statute of frauds, and
(2) there was no evidence to support appellant’s claim that one of the bank
employees fraudulently destroyed the ATA.  Because we affirm on other grounds,
we do not address these alternative arguments.  See Tex. R. App. P.
47.1.





[7] Generally, a party’s
failure to plead all of the elements of a cause of action – the specific
pleading defect asserted below – should be handled, if at all, by special
exceptions rather than summary judgment.  See Friesenhahn v. Ryan, 960
S.W.2d 656, 658–59 (Tex. 1998); Mowbray v. Avery, 76 S.W.3d 663, 677–78
(Tex. App.—Corpus Christi 2002, pet. denied).  However, we are precluded from
reversing on this ground because of Combs’s failure to raise it in response to
the motion for summary judgment or on appeal.  See Vawter, 786 S.W.2d at
264.





[8] For that matter, the
Texas Supreme Court also addressed this scenario in San Jacinto River
Authority v. Duke, and reached the same conclusion.  See Duke, 783
S.W.2d 209, 209–10 (Tex. 1990).