

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00207-CV

SHELLIE K. SMITH                                                  APPELLANT

V.

TARRANT COUNTY, CITY OF                                           APPELLEES
ARLINGTON, KENNEDALE
INDEPENDENT SCHOOL
DISTRICT, TARRANT COUNTY
COLLEGE DISTRICT, AND
TARRANT COUNTY HOSPITAL
DISTRICT

----------

## FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 352-E30850-13

----------

## MEMORANDUM OPINION[1]

----------

Appellees Tarrant County, City of Arlington, Kennedale Independent

School District, Tarrant County College District, and Tarrant County Hospital

---

[1]*See* Tex. R. App. P. 47.4.

District sued pro se Appellant Shellie K. Smith to collect delinquent ad valorem property taxes. The trial court conducted a trial and signed a final judgment awarding Appellees $22,118.53. Smith appeals. We will affirm.

In what we construe as her first issue, Smith argues that the trial court erred by awarding judgment for Appellees.[2] We interpret Smith's argument to challenge the legal sufficiency of the evidence to support the judgment.

We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228

---

[2]This issue encompasses the second, fourth, and fifth issues in Smith's Issues Presented and the first, second, third, fourth, and seventh grounds in her Summary of the Argument.

S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

The trial court admitted an affidavit at trial that was signed by the Deputy Tax Assessor Collector and Custodian of the Tax Records for Appellees. The affidavit showed that Smith owed Appellees back taxes in the amount of $22,118.53, the same amount that the trial court ultimately awarded Appellees. Smith confirmed that she owned the property for which the delinquent taxes, penalties, interest, and costs were owed.

Smith testified that she had tendered instruments to Appellees in full payment and satisfaction of the amounts owed against her property—as she argues on appeal—but she did not offer any of the instruments into evidence.[3] Smith's only exhibit at trial was a copy of a classified advertisement that she had apparently posted stating that the "instant matter being adjourned res judicata stare decisis."

We hold that the evidence is legally sufficient to support the trial court's judgment. We overrule Smith's first issue.

---

[3]The documents are contained in the clerk's record. One is a "Money Order" that was handwritten by Smith and payable in the amount of $50,000 but not issued by any bank or organization. A second is a "Notice of Tender for Setoff Fiduciary Appointment Authorization and Instruction" that was not signed by Appellees. A third is a "Request Regarding Statement of Account" that was not signed by Appellees. A fourth is a "note as a second witness for set-off, settlement and closure of the accounting," signed by Smith. Appellees sent Smith several notices that they were returning her "payment[s]" because the form was not acceptable.

3

In what we construe as her second issue, Smith argues that the trial court erred by not considering her motion to dismiss and her motion for order to show cause why Appellees' case should not be dismissed.[4] Smith brought both motions to the attention of the trial court. At the conclusion of the trial, the court stated that it would "review the proposed judgment and the evidence that was admitted, and I'll make a ruling." Soon thereafter, the trial court signed a final judgment in favor of Appellees. By so ruling, the trial court implicitly denied Smith's motions. *See* Tex. R. App. P. 33.1(a)(2)(A). We overrule Smith's second issue.

In what we construe as her third issue, Smith argues that the trial court erred by denying her motion for new trial.[5] The trial court signed the final judgment on May 5, 2014. Smith filed her motion for new trial on May 13, 2014, eight days later. For some reason, the trial court denied Smith's motion for new trial as untimely filed. *See* Tex. R. Civ. P. 329b(a) (requiring motion for new trial to be filed prior to or within thirty days after the judgment is signed). The error, however, was harmless—Smith provides no argument explaining how she was harmed, and at the hearing on her motion for new trial, she merely raised the same "I already paid" argument that the trial court had previously considered and

---

[4]This issue encompasses the first issue in Smith's Issues Presented and the fifth and sixth grounds in her Summary of the Argument.

[5]This issue encompasses the third issue in Smith's Issues Presented and the eighth ground in her Summary of the Argument.

rejected. *See* Tex. R. App. P. 44.1(a). Therefore, we overrule Smith's third issue.

In what we construe as her fourth issue, Smith argues that the trial court denied her procedural due process.[6] Smith provides no argument or analysis for this issue. We therefore overrule it as inadequately briefed. *See* Tex. R. App. P. 38.1(i) (requiring brief to contain a clear and concise argument for the contentions made).

Having overruled all of Smith's issues, we affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DELIVERED: April 2, 2015

---

[6]This issue encompasses the sixth issue in Smith's Issues Presented.