**Frank GARVEY, Appellant,**

v.

**Lisa VAWTER, Appellee.**

**No. 09–88–222 CV.**

Court of Appeals of Texas,
Beaumont.

June 22, 1989.

Appellee's Rehearing Overruled
July 24, 1989.

Appellant's Rehearing Overruled
July 27, 1989.

Richard G. Baker, Liberty, for appellant.

Phillip C. Summers, Houston, for appellee.

## OPINION

BURGESS, Justice.

This is an appeal from a summary judgment on the pleadings. No supporting affidavits were filed. Appellant filed suit alleging that appellee negligently left the keys to her parked automobile in the ignition, that a thief then stole the automobile and drove it into appellant's place of business to his damage. The trial court granted appellee's motion for summary judgment on the pleadings on the grounds that, as a matter of law, appellee's actions cannot be the proximate cause of appellant's damages. Appellant's single point of error states that the trial court erred in granting the motion for summary judgment because appellant's cause of action for negligence is not precluded as a matter of law on the issue of proximate cause.

■ Appellee relies upon the general rule that the owner of a vehicle is not liable to third parties injured as a result of negligent operation of the vehicle by a thief not authorized to drive the vehicle. *Parker and Parker Construction Co., Inc. v. Morris*, 346 S.W.2d 922 (Tex.Civ.App.—El Paso 1961, writ ref'd n.r.e.). The proximate cause of appellant's damages was independent and intervening of any act, negligent or not, of leaving keys in the ignition of a parked automobile. In order for a defendant to be held to have been negligent, the injury to the plaintiff must have been foreseeable. *McKinney v. Chambers*, 347 S.W.2d 30 (Tex.Civ.App.—Texarkana 1961, no writ). To be legally foreseeable, the injured party should be so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably be foreseen. A prior cause cannot be made an action for damages if it does nothing more than furnish the condition or give rise to the occasion which makes the injury possible, if such injury is the result of some other cause which reasonable minds would not have anticipated, even though the injury would not have occurred but for such condition. *Wolf v. Friedman Steel Sales, Inc.*, 717 S.W.2d 669 (Tex.App.—Texarkana 1986, writ ref'd n.r.e.).

Appellant cites *Finnigan v. Blanco County*, 670 S.W.2d 313 (Tex.App.—Austin 1984, no writ), for his argument that there was a genuine issue of fact with regard to foreseeability. *Finnigan* involved summary judgment proof that a deputy sheriff left his car open and its motor running while it was parked four or five feet away from the jail yard which the deputy knew was accessible to the prisoner who escaped in the car and was involved in an ensuing high speed chase and collision resulting in one death.

Appellant's original petition fails to allege that it was reasonably foreseeable that someone would use a car left with keys in the ignition to cause property damage, or otherwise allege the foreseeability of the alleged negligence of appellee. The record reflects that appellant untimely filed an amended petition alternatively alleging that appellee drove her automobile into appellant's place of business; however, the trial court denied leave to file the amended petition because it was filed within seven days of trial and refused to consider it.

■ The proper method of attacking the sufficiency of pleadings is by special exceptions. *Massey v. Armco Steel Co.*, 652 S.W.2d 932 (Tex.1983); *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex.1974). While summary judgment is proper when the plaintiff pleads facts which affirmatively negate his cause of action, the protective features of special exception procedure should not be circumvented by a motion for summary judgment

on the pleadings where plaintiff's pleadings fail to state a cause of action. Since appellant was deprived of the opportunity to amend his pleadings, the summary judgment must be reversed.

Reversed.