**Lisa VAWTER, Petitioner,**

v.

**Frank GARVEY, Respondent.**

**No. C–9003.**

Supreme Court of Texas.

March 7, 1990.

Phillip C. Summers, Houston, for petitioner.

Richard Baker, Liberty, for respondent.

PER CURIAM.

This is a summary judgment case. Garvey filed suit to recover property damages sustained when his boat business was struck by Vawter's vehicle which had been stolen. Garvey alleged that his damages were "proximately caused by the negligence of Vawter in leaving her keys in the automobile while the same was unguarded." The trial court granted Vawter's motion for summary judgment on the plead-

ings on the grounds that Vawter's actions could not, as a matter of law, be the proximate cause of Garvey's damages. The court of appeals, however, reversed the trial court's judgment and remanded the cause for trial. 774 S.W.2d 86. Because the court of appeals' decision conflicts with several of this court's prior opinions, we reverse its judgment and remand the cause to that court for further consideration.

The court of appeals concluded that Garvey's pleadings were insufficient to state a cause of action because they failed "to allege that it was reasonably foreseeable that someone would use a car left with keys in the ignition to cause property damage, or otherwise allege the forseeability of the alleged negligence of [Vawter]". 774 S.W.2d at 87. It then held that the proper method for attacking sufficiency of the pleadings is by special exception and that this should not be circumvented by a motion for summary judgment based on failure to state a cause of action. *Id.* at 87. The court of appeals reversed the summary judgment since the trial court did not require special exceptions and Garvey had no opportunity to amend his pleadings to state a cause of action. *Id.* at 88.

■ The ground set forth by the court of appeals for reversing summary judgment was not raised by Garvey in either his response to Vawter's motion for summary judgment, his brief to the court of appeals, his motion for rehearing to the court of appeals, or his application for writ of error to this court. This court recently addressed a similar situation in *San Jacinto River Authority v. Duke,* 783 S.W.2d 209 (Tex.1990). Duke filed a wrongful termination suit against SJRA, alleging that his case fell within the exception to the employment-at-will doctrine set forth in *Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733 (Tex.1985). The trial court granted SJRA's motion for summary judgment on the ground that Duke did not satisfy the elements of this exception. The court of appeals reversed, stating that the proper method for attacking sufficiency of the pleadings is by special exception and that this should not be circumvented by a motion for summary judgment based on failure to state a cause of action. This ground of reversal, however, was not raised by Duke in the court of appeals, nor was it briefed or assigned as error. This court therefore reversed the court of appeals' judgment, holding that it had erred by raising grounds for reversal *sua sponte. Id.* at 210; *see also State Bar v. Evans,* 774 S.W.2d 656, 658 n. 5 (Tex.1989) (court of appeals erred in basing its reversal on grounds raised *sua sponte* ); *Central Education Agency v. Burke,* 711 S.W.2d 7, 9 (Tex.1986) (court of appeals erred in reversing summary judgment on grounds neither raised in opposition to motion at trial court level, nor presented to court of appeals by brief or argument).

■ By reversing the summary judgment on grounds which were neither raised at trial nor briefed or assigned as error on appeal, the court of appeals created a conflict with this court's decisions in *Duke, Evans, Burke,* and *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 675 (Tex.1979). A court of appeals may not reverse a trial court's judgment in the absence of properly assigned error. *Texas Nat'l Bank v. Karnes,* 717 S.W.2d 901, 903 (Tex.1986); *State Bd. of Ins. v. Westland Film Indus.,* 705 S.W.2d 695, 696 (Tex.1986). Furthermore, Rule 52(a) of the Texas Rules of Appellate Procedure provides, "[i]n order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling...." Garvey did not present any of these grounds to the trial court, nor were they briefed or argued.

For the foregoing reasons, this court grants petitioners' applications for writ of error. Without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and remands the cause to that court with instructions to consider Garvey's remaining arguments. TEX.R.APP.P. 133(b), 90(a).