**Beverly SUMERLIN, Trustor, Appellant,**

v.

**HOUSTON TITLE COMPANY and Title Insurance Company of Minnesota, Appellees.**

**No. C14–90–0603–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 2, 1991.

Rehearing Denied May 2, 1991.

Jerry L. Schutza, Houston, for appellant.

Charles E. Fitch, Rosa S. Silbert, Houston, for appellees.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

OPINION

ROBERTSON, Justice.

This appeal is from two summary judgments granted in favor of appellees, defendants in the trial court. Through four points of error, appellant contests the propriety of each summary judgment. We reverse.

Appellant (Sumerlin) purchased a leasehold interest in a two-story office building in Houston. Houston Title was requested to handle the closing and, at the closing in August, 1981, a title policy was issued by Title Insurance Company of Minnesota. A 41% outstanding ownership in the leasehold in the name the Caredios was discovered, and it was included in Schedule C of the title commitment with the notation "secure and record said deed" [from the Caredios]. However, this defect in title was not cured until early 1985, and this outstanding leasehold interest was not excluded from the terms of the title policy.

In November, 1983, appellant filed suit against both the title company and the title insurance company. Appellant filed her fourth amended petition in early February, 1989, alleging breach of contract, insurance code violations (TEX.INS.CODE ANN. arts. 9.08, 9.57, and 21.21 (Vernon Supp.1991)), deceptive trade practices, negligence and negligent misrepresentation and breach of fiduciary duty—all arising from the outstanding leasehold interest referred to above, a mechanics lien affidavit shown as an encumbrance against the property and a notice of lis pendens which had been filed for record three days following the closing. Appellant alleged she had made demands that appellees correct the problems, and that while they did finally correct the problems, "any corrective action came too late to prevent the loss of the Property." She further alleged that she had attempted unsuccessfully to sell the property and that she had finally lost it through foreclosure.

Appellees filed two special exceptions— one complaining of the allegations concerning violation of fiduciary duties and the other complaining of the erroneous measure of damages sought; the record however fails to show that the exceptions were ever ruled on by the court. Appellees then filed a motion for partial summary judgment on all alleged causes of action except breach of contract. Appellees' motion for summary judgment alleged that "with the exception of Plaintiff's contract action, Defendants would show the court that all of Plaintiff's causes of action are either barred by limitations or are unavailable to Plaintiff as a matter of law."

Concerning appellees limitations defense, they asserted that since more than two years elapsed between the closing and the time that appellant filed her suit, all causes of action (except breach of contract) were time barred. Concerning appellees argument that the remedies appellant sought were not available as a matter of law, they alleged that neither the insurance code nor the deceptive practices act provided a private cause of action as plead by appellant; therefore a cause of action was not stated. They further asserted that it owed no duty as a title company to examine title and, in the absence of such duty, they could not be guilty of negligence. The trial court granted the partial summary judgment on March 5, 1990, when the parties appeared for trial. Having indicated how he would rule on the breach of contract claim, the trial court invited a motion for summary judgment to be filed as to that cause of action and, with the agreement of counsel, shortened the time for filing of such motion and answer.

Accordingly, appellees filed a supplemental motion for summary judgment on March 7, 1990, which the trial court granted on March 9, 1990. Appellees' basis for this summary judgment was that: (1) there had been no damages suffered because appellants petition judicially admitted that the defects in title had been cured; and (2) appellant had not properly plead for recoverable damages. Appellant has perfected her appeal from the grant of both motions for summary judgment on all causes of action except negligence, negligent misrepresentation and breach of fiduciary duty. As to those causes of action, the judgment is final.

By brief and argument, appellees contend that the trial court properly granted both motions for summary judgment on appellant's pleadings because she had plead herself out of court. We disagree. While appellant's pleadings were admittedly general and an incorrect measure of damages may well have been plead, the proper method of contesting the adequacy of pleadings is by special exception—not a motion for summary judgment. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). Paraphrasing the language of the supreme court in *Swilley*, this is not a case in which the facts alleged by a plaintiff establish the absence of a right of action or an insuperable barrier to a right of recovery. Of course, if a special exception is sustained and the plaintiff still fails to state a cause of action, the case may then be disposed of by summary judgment. *Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974). The trial court erred in granting summary judgment on the pleadings.

We reverse both summary judgments and remand this case to the trial court for further proceedings.

## OPINION ON MOTION FOR REHEARING

Appellees have filed a motion for rehearing asserting we erroneously reversed both summary judgments "because pursuant to Rule 52(a) of the Texas Rules of Appellate Procedure, no properly assigned point of error was placed in issue," relying heavily upon *Vawter v. Garvey*, 786 S.W.2d 263 (Tex.1990).

*Vawter* was a per curiam opinion by the supreme court. The court held it was error for the court of appeals to reverse a summary judgment on a ground "not raised by Garvey in either his response to Vawter's motion for summary judgment, his brief to the court of appeals, his motion for rehearing to the court of appeals, or his application for writ of error to this court." If we correctly understand the interpretation of Rule 166a, TEX.R.CIV.P., this portion of *Vawter* did not depart from prior decisions; it merely reannounced the rule that

courts of appeal may not reverse on unassigned error. However, further on in the opinion the supreme court stated:

> Furthermore, Rule 52(a) of the Texas Rules of Appellate Procedure provides, "[i]n order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling...." Garvey did not present any of these grounds to the trial court, nor were they briefed or argued.

It is unclear, to say the least, whether the supreme court intends to apply Rule 52(a) to summary judgments, because they again added the phrase "nor were they briefed or argued." While we believe Rule 52(a) requirements *should* be applied in summary judgment proceedings, this appears to be too bold a step for us to take, based upon the *Vawter* per curiam opinion.

The record shows, without question, that appellant did not complain in her response to either motion for summary judgment that the summary judgment was an improper attack upon her pleadings. Each of appellant's four points of error in this court contend the trial court erred in granting summary judgment, with each point specifying a further, particular reason. While none of the points specifically contends that the use of summary judgment, rather than special exception, to contest the sufficiency of the pleadings was error, appellant does argue under three of the points that if the trial court granted summary judgment based upon the insufficiency of the allegations in the petition, then it was error to grant summary judgment without first giving her an opportunity to amend her petition, citing *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex.1974). This appears to satisfy the rules, except for Rule 52(a), and the opinions of the supreme court, with the possible exception of the per curiam *Vawter* opinion. We will leave it to the supreme court to further elucidate its passing reference to the applicability of Rule 52(a) to summary judgment proceedings.

We overrule appellee's motion for rehearing.