Opinion issued July 12, 2007

 







In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00475-CV






JOE SHIELDS, Appellant


V.


AMERICOR LENDING GROUP, INC., DIRECT LINK, INC., AND NEW
WESTERN FINANCIAL, INC., Appellees






On Appeal from County Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 830787






MEMORANDUM OPINION


 Appellant, Joe Shields, sought damages and injunctive relief after (1) a single,
automatically dialed call was made by appellee, Direct Link, Inc., to Shields's cell
phone, the number of which Shields had listed as "do not call" with the National Do
Not Call Registry, (1) and (2) a brief, prerecorded message was left in his cell-phone 
message inbox, all without cost to Shields. Shields relied on provisions of the federal
Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 (2000 & Supp. III
2003), (2) regulations enacted pursuant to the TCPA, and subsection (f) of section 35.47
of the Business and Commerce Code, which proscribes "certain electronic
communications made for the purpose of sales." See Tex. Bus. & Com. Code Ann.
§ 35.47(f) (Vernon 2002). 

 Shields brings this appeal to challenge a summary judgment that dismissed
with prejudice his claims against Direct Link and appellees, Americor Lending
Group, Inc. (Americor) and New Western Financial, Inc. (New Western). (3) In five
issues, Shields contends that the trial court erred by rendering summary judgment (4) (1)
because Shields raised material fact questions on each element of his claims, (2)
because fact issues remain on whether appellees obtained "prior express consent"
before initiating (a) a single, automatically dialed call and (b) a single, prerecorded
message call to Shields's cell phone, (3) because fact issues remain on whether
appellees identified themselves in the single, prerecorded phone message, and (4)
because a fact issue remains concerning appellees's joint and several liability. We
affirm.

Facts and Procedural History


 On November 7, 2002, a person identified as M. Sutter (5) submitted an online
application to a website described as Moneynest.com to inquire into refinancing a
mortgage. The information submitted included the telephone number XXX-4XX-0XXX, which the inquiry identified as Sutter's home telephone number. Shields does
not dispute that Sutter consented to be contacted by lenders by including the
telephone number in the information submitted as part of his inquiry. The
information that Sutter submitted to the website constituted a "lead" that
Moneynest.com sold. Direct Link purchased the lead information provided by Sutter
and others and eventually used the lead to initiate contacts on behalf of Americor, a
mortgage lending company.

 On November 22, 2004, Shields acquired the telephone number XXX-4XX-0XXX for use on his personal cellular telephone. On November 30, 2004, Shields
registered that telephone number with the National Do Not Call registry. On
December 29, 2004, at 4:05 p.m., Direct Link placed a recorded message lasting 42
seconds on Shields's XXX-4XX-0XXX cell phone. The call from Direct Link
registered as of "unknown" origin and concerned mortgage services. (6) It is undisputed
that Shields was not charged for the call and incurred no related charges in
connection with Direct Link's call. 

 By a series of inquiries that he tape-recorded, including a telephone call to M.
Sutter, in which he obtained information relating to Sutter's online inquiry to
Moneynest.com, and two telephone calls in which Shields identified himself as
Sutter and claimed an interest in refinancing a mortgage, Shields obtained
information that Americor was a mortgage lending company and that Direct Link
initiated the automated call to his cell phone. After further investigation, Shields
obtained information from which he deduced a relationship between all three
appellees. 

 Shields's live pleadings allege violations of the TCPA, federal regulations
enacted pursuant to the TCPA, and the Business and Commerce Code. Shields's
TCPA claims include contentions that appellees' conduct violated "do not call"
practice and regulations. See 47 C.F. R. § 64.1200(c)(2) (2006). Shields also alleged
that Americor and New Western were vicariously liable for Direct Link's actions. 
Appellees, who appeared jointly in the trial court, as here, asserted a general denial
and the affirmative defense of consent, and moved for traditional summary judgment
on eight different grounds. The trial court rendered summary judgment dismissing
Shields's claims without specifying the grounds on which it relied. 

Standard of Review


 We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). In conducting our review, we must indulge every
reasonable inference in favor of the nonmovant, take all evidence favorable to the
nonmovant as true, and resolve any doubts in favor of the nonmovant. Id. Our task
is to consider whether reasonable and fair-minded jurors could differ in their
conclusions in light of all of the evidence presented. Goodyear Tire & Rubber Co.
v. Mayes, No. 04-0993, 2007 WL 1713400, at *1 (Tex. June 15, 2007) (citing Wal-Mart Stores, Inc. v. Spates, 186 S.W.3d 566, 568 (Tex. 2006); City of Keller v.
Wilson, 168 S.W.3d 802, 822-24 (Tex. 2005)). A defendant who moves for
traditional summary judgment on the plaintiff's claims must conclusively disprove
at least one element of each of the plaintiff's causes of action, Little v. Tex. Dep't of
Criminal Justice, 148 S.W.3d 374, 381 (Tex. 2004), and a defendant who moves for
summary judgment on an affirmative defense must establish the defense as a matter
of law. Long Distance Int'l, Inc. v. Telefonos de Mexico, S.A. de C.V., 49 S.W.3d
347, 350-51 (Tex. 2001). 

 When, as here, a summary judgment does not specify the grounds on which it
was granted, the appealing party must demonstrate on appeal that none of the
proposed grounds is sufficient to support the judgment. See Star-Telegram, Inc. v.
Doe, 915 S.W.2d 471, 473 (Tex. 1995); Ellis v. Precision Engine Rebuilders, Inc., 68
S.W.3d 894, 898 (Tex. App.--Houston [1st Dist.] 2002, no pet.). If the appealing
party does not challenge a ground on which the movant asserted a right to summary
judgment in the trial court, we must affirm--without considering whether the
summary judgment was rendered properly or improperly on the unchallenged ground. 
Ellis, 68 S.W.3d at 898; see also Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121
(Tex. 1970) (affirming summary judgment because "it may have been based on a
ground not specifically challenged" on appeal and "there was no general assignment
that the trial court erred in granting summary judgment.") (supporting citations
omitted); Vawter v. Garvey, 786 S.W.2d 263, 264 (Tex. 1990) (proscribing reversal
of summary judgment without properly assigned error)

Discussion


 Shields's issues on appeal do not include a broad issue in which he contends,
generally, that the trial court erred by rendering summary judgment. See Malooly
Brothers, 461 S.W.2d at 121 (approving broad point of error so stating as sufficient
predicate on which to challenge all possible grounds advanced for summary
judgment). (7)
 In addition, Shields has not challenged on appeal all possible grounds
on which the trial court might have relied in rendering summary judgment in favor
of appellees. 

 As one possible ground in support of their contention that Shields had no cause
of action under the TCPA, appellees relied on the following note to the provisions of
47 C.F.R. § 64.1200(c)(2)(i)(D) (2006): 

 The requirement in paragraph 64.1200(c)(2)(i)(D) for persons or entities
to employ a version of the national do-not-call registry obtained from
the administrator no more than 31 days prior to the date any call is made
is effective January 1, 2005. Until January 1, 2005, persons or entities
must continue to employ a version of the registry obtained from the
administrator no more than three months prior to the date any call is
made.


 Appellees argued that the 90-day requirement for "sweeping," or referring to,
the national do-not-call list was still in effect on December 29, 2004, and, therefore,
any contact to Shields's cell phone telephone number was governed by the pre-2005
regulation. Pursuant to that regulation, there was not yet a requirement that Shields's
number, posted on November 30, 2004, be culled from the national do-not-call list
and included on a company's do-not-call list. Because Shields's number had not been
on the list for 90 days, appellees argued that they could not have violated the TCPA
or its regulations as matter of law. (8) 

 In his response to appellees' motion for summary judgment, Shields disputed
appellees' right to summary judgment as a matter of law on the contentions stated
above. Relying on a Federal Communications Commission order, Shields argued that
appellees had only a 15-day "safe harbor" for calls made to cell phones, as opposed
to live, land lines, in violation of the national do-not-call list. 

 The record thus demonstrates the following: (1) in contending that they were
entitled to summary judgment, the appellees argued, in part, that Shields had relied
erroneously on the national do-not-call list in claiming that they had violated the
TCPA, which appellees had not violated as a matter of law because there was no
requirement that his telephone number be included on the company's do-not-call
when the call was made to his cell phone; (9) (2) Shields responded to and disputed that
contention in his response to the summary judgment; and (3) the trial court rendered
summary judgment in appellees' favor without specifying any grounds. Accordingly,
the trial court may have relied on appellees' do-no-call list contention in rendering
summary judgment against Shields and in favor of appellees. 

 But Shields's issues on appeal do not include a challenge to this possible basis
for the trial court's ruling. Likewise, Shields has not asserted a broad challenge to the
summary judgment that might have encompassed that challenge. Consequently, and
whether the trial court's ruling was correct or erroneous, we must affirm the summary
judgment. See Malooly Bros., 461 S.W.2d at 121; Ellis, 68 S.W.3d at 898; see also
Vawter, 786 S.W.2d at 264 (proscribing reversal of summary judgment without
properly assigned error).

 We overrule Shields's issues. 

Conclusion


 We affirm the judgment of the trial court.



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley.
1. The National Do-Not-Call Registry is maintained by the Federal Trade Commission.
2. Section 227 of Title 47 of the United States Code lists "Restrictions on use of
automated telephone equipment" that are "unlawful" and apply to any person within
the United States or any person outside the Unites States if the recipient is in the
United States. 47 U.S.C. § 227(b)(1)(A)(iii) (2000 & Supp. III 2003). 

3. We refer to trial-court defendants jointly as "appellees."
4. Shields's conclusory contention, that fact issues remain on "each element of his
claims," is too broad to pertain to any particular claim and does not challenge a
particular ground on which appellees relied in moving for summary judgment. And
though his issue is broad, it is not broad enough to encompass all possible grounds on
which the trial court might have rendered summary judgment. See Malooly Bros., Inc.
v. Napier, 461 S.W.2d 119, 121 (Tex. 1970) (approving broad point of error
contending that trial erred by rendering summary judgment as sufficient basis to
challenge all possible grounds on which movant relied in moving for summary
judgment). Accordingly, we construe Shields's first issue as pertaining to and
providing an additional argument for his four remaining issues. 
5. The record identifies Sutter by his full name, but we have omitted the full name in this
opinion. 
6. The summary judgment record contains a transcription of a "similar" automatic phone
message that Shields obtained from an acquaintance, but does not contain a
transcription of the actual message left on Shields's phone. 
7. Even if Shields had asserted such a "Malooly" point, he would nonetheless be
required to present arguments and supporting authority in order to merit reversal. See
Wortham v. Dow Chem. Co., 179 S.W.3d 189, 198 (Tex. App.--Houston [14th Dist.]
2005, no pet.) (citing cases and noting contrary, minority view); see also Maranatha
Temple, Inc. v. Enter. Prods. Co., 893 S.W.2d 92, 106 (Tex. App.--Houston [1st
Dist] 1994, writ denied) (applying rule 74(f) of former Rules of Appellate Procedure,
governing briefing requirements, to decline to "perform an independent review of the
record and applicable law" to address alternate grounds advanced for traditional
summary judgment that appellant did not challenge by points of error); Tex. R. App.
P. 38.1(h) (current rule requiring that appellant's brief contain clear, concise argument
for contentions asserted); Tex. R. App. P. 38.1(e) (current rule requiring that
appellant's brief state all issues and points presented for review; further requiring that
this Court consider statement of issue "as covering every subsidiary question that is
fairly included"). 

8. We note that Shields also alleged that appellees violated section 35.47(f) of the
Business and Commerce Code. See Tex. Bus. & Com. Code Ann. § 35.47(f)
(Vernon 2002) (current version). Section 35.47(f) states in pertinent part:

 A person who receives a communication that violates 47 U.S.C. Section
227, a regulation adopted under that provision, or this section may
bring an action against the person who originates the communication
in a court of this state for an injunction, damages in the amount
provided by this subsection, or both.


 Tex. Bus. & Com. Code Ann. § 35.47(f) (emphasis added). The record and Shields's
contentions on appeal, however, show that he premised his section 35.47(f) claims on
the portion of the statute emphasized above, which provided the implementing
legislation for State enforcement of the TCPA by providing a private cause of action,
as the supreme court ruled in The Chair King, Inc. v. GTE Mobilnet, 184 S.W.3d 707,
711, 717 (Tex. 2006). If Shields's TCPA claim fails, therefore, the violations of
section 35.47(f) that he alleges also fails. 
9. Shields's state-law claims depend on the TCPA, as stated in the preceding note.