Opinion issued May 22, 2008

 






In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00115-CV






ROBERTO MELENDEZ D/B/A HOU-TEX READY MIX CONCRETE &
MATERIALS, Appellant


V.


DAVID AND HELEN DE LEMOS, Appellees






On Appeal from the 189th District Court

Harris County, Texas

Trial Court Cause No. 2006-44449






MEMORANDUM OPINION

 Appellant, Roberto Melendez, individually and d/b/a Hou-Tex Ready Mix
Concrete & Materials (Hou-Tex), appeals a traditional summary judgment and order
of severance in favor of appellees, David and Helen De Lemos. Hou-Tex sued the
De Lemoses personally, seeking payment for cement delivered to a construction site
on the order of a subcontractor to the general contractor hired by the De Lemoses to
construct a residence. In two points of error, Hou-Tex challenges the summary
judgment on the grounds that the trial court erred by refusing to compel arbitration
and by severing Hou-Tex's and the De Lemoses' claims from Hou-Tex's lawsuit
against their general contractor. We affirm.

Factual and Procedural Background


 In October 2005, the De Lemoses entered into a written contract with Michael
Randel Homes, LLC (Randel Homes) to construct a new residence on the De
Lemoses' existing home site. Michael Landry signed the contract on behalf of Randel
Homes, and both David and Helen De Lemos signed the contract. The contract
identified the De Lemoses as owner and identified Randel Homes as contractor. The
terms of the contract included a provision by which these parties agreed (1) to address
construction-defect claims through the administrative procedures established by the
Texas Residential Construction Commission Act and (2) to waive jury trial because 

 all controversies, claims[,] or matters in question arising out of or
relating to (i) this Contract, (ii) any breach thereof, (iii) the construction
of the Residence, (iv) the sales transaction reflected in the Contract,
and/or (v) any representations or warranties, express or implied, relating
to the Property and/or the Residence (herein referred to collecting as a
"Dispute") shall be subject to binding arbitration.


(Emphasis added.) (1) Additional provisions of the contract afforded independent-contractor status to Randel Homes, to which the De Lemoses delegated all control
over scheduling and progress of the project by individual subcontractors. This
provision further specified that "All subcontractors shall perform their functions
independently, not as agent, employee, servant, or representative of the Contractor
or the Owner." 

 The original residence on the construction site was demolished in November
2005. In the course of construction of the new residence, Randel Homes, as general
contractor, hired a subcontractor to perform certain concrete services, who, in turn,
requested delivery of ready-mix concrete from Hou-Tex. On January 31, 2006, Hou-Tex delivered 150 yards of ready-mix concrete to the construction site and presented
an invoice for $11,772.19 to the subcontractor. The subcontractor issued a check to
Hou-Tex on February 3, 2006, but the check was dishonored and returned to Hou-Tex
for insufficient funds. In the meantime, the De Lemoses had been receiving notices
that some subcontractors hired by Randel Homes were not being paid. On April 3,
2006, the De Lemoses notified Randel Homes to stop construction of the new
residence, and Randel Homes abandoned the project. (2) 

 On May 10, 2006, Hou-Tex filed a notice of mechanics and materialmen's lien
against the De Lemoses' residence, who then filed this action as plaintiffs seeking to
remove the lien on the grounds that it was invalid for lack of compliance with several
provisions of the enabling statute, chapter 53 of the Property Code, which governs
mechanic's, contractor's, and materialmen's liens. (3) See Tex. Prop. Code Ann. §§
53.001-.260 (Vernon 2007). Hou-Tex responded initially by asserting a quantum-meruit counterclaim for the ready-mix cement delivered to the De Lemoses' worksite,
but then added a counterclaim seeking to compel arbitration of its claim against the
De Lemoses based on the arbitration provisions of their contract with Randel Homes. 
 The De Lemoses filed two motions for traditional summary judgment. In their
first motion, they argued that they had no contract with Hou-Tex, that Hou-Tex had
released its lien on the same day that Hou-Tex filed its answer to the De Lemoses'
petition, that Hou-Tex could not recover against them in the absence of a perfected
lien or privity of contract, and that Hou-Tex's proper recourse was against Randel
Homes, because the De Lemoses had no personal liability to Hou-Tex. In response,
Hou-Tex filed an amended petition, which provided additional exhibits to support
Hou-Tex's initial claim for payment. In addition, Hou-Tex moved to abate, pending
arbitration of its claim against the De Lemoses, and filed a response and objection to
the De Lemoses' motion for summary judgment. Hou-Tex attached to its response
a copy of the contract between the De Lemoses and Randel Homes, an affidavit by
Roberto Melendez, and a copy of the deposition of Helen De Lemos. 

 Hou-Tex then filed its first amended answer, in which it asserted counterclaims
based on alternative theories against the De Lemoses, including accord and
satisfaction, estoppel, release, and failure of consideration, all of which Hou-Tex
premised on assertions that Helen De Lemos had promised to pay Hou-Tex's claim,
and that Hou-Tex had released its lien against the De Lemoses in exchange for that
promise. Hou-Tex also supplemented its quantum-meruit claim by claiming that the
De Lemoses had been unjustly enriched, had breached a contract to pay, and had not
complied with section 53.101 of the Property Code by retaining funds pending
construction. (4) In addition, Hou-Tex asserted a claim for declaratory relief to
determine its rights to arbitrate its claims under the arbitration provisions of the
contract between Randel Homes and the De Lemoses. 

 The De Lemoses answered these claims by general denial and the affirmative
defense that the statute of frauds barred Hou-Tex's claims for payment of a third-party debt. The De Lemoses responded to Hou-Tex's objections to their original
motion for summary judgment, but also filed an additional motion, seeking final
summary judgment as a matter of law on the following grounds: (1) the Hou-Tex lien
was invalid because it had not been properly perfected; (2) but the lien issue was
moot regardless because Hou-Tex had released the lien; (3) the De Lemoses were not
personally liable to Hou-Tex because (4) they had no contract with Hou-Tex, and (5)
they did not promise to pay Hou-Tex; (6) any alleged promise by the De Lemoses to
pay the Randel Homes debt was barred by the statute of frauds; and (7) Hou-Tex had
no cause of action for the De Lemoses' alleged failure to retain funds under the
Property Code because any obligation to retain ended 30 days after they terminated
their contract with Randel Homes, which had simultaneously abandoned construction,
and Hou-Tex did not assert its lien until after the 30 days had expired. 

 The trial court signed an interlocutory summary judgment order that dismissed
Hou-Tex's claims against the De Lemoses. Five days later, Hou-Tex sought leave to
add Randel Homes as a third-party defendant and necessary party to Hou-Tex's
invoking the arbitration clause of its contract with the De Lemoses. Afer the trial
court granted the requested leave, Hou-Tex filed a motion for leave to vacate the
summary judgment and or to compel mediation or arbitration. After conducting a
hearing, the trial court rendered summary judgment in favor of the De Lemoses by
ordering that Hou-Tex take nothing on its claims from them, pending severance of
those claims, and then severed those claims, thus rendering the summary judgment
final. See Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.,
63 S.W.3d 795, 795 (Tex. 2001) (citing Farmer v. Ben Keith Co., 907 S.W.2d 495,
496 (Tex. 1995) ("As a rule, the severance of an interlocutory judgment into a
separate cause makes it final.")

Denial of Application to Compel Arbitration


 Hou-Tex's first point of error challenges the trial court's refusal to compel
arbitration of its claims against the De Lemoses pursuant to the provisions of their
contract with Randel Homes. We first address preliminary issues concerning our
jurisdiction and the standard of review before proceeding to the merits of this issue.

A. Jurisdiction and Standard of Review

 Because the trial court severed the issues between Hou-Tex and the De
Lemoses, thus rendering final the summary judgment rendered in favor of the De
Lemoses, our jurisdiction in this case derives from section 51.012 of the Civil
Practice and Remedies Code, which governs appeals from final judgments of district
and county courts. See Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (Vernon 1997);
City of Dallas v. Jennings, 142 S.W.3d 310, 316 (Tex. 2004) ("A judgment that
finally disposes of all remaining parties and claims, based on the record in the case,
is final, regardless of its language.") (quoting Lehmann v. Har-Con Corp., 39 S.W.3d
191, 200 (Tex. 2001)); cf., Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(1)
(Vernon 2005) (authorizing interlocutory appeal of proceedings brought pursuant to
Texas Arbitration Act); In re Weekley Homes, L.P., 180 S.W.3d 127, 130 (Tex. 2005)
(recognizing propriety of mandamus relief to enforce arbitration agreements governed
by Federal Arbitration Act). 

 We review summary judgments de novo pursuant to well-settled standards. See
Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). The party
seeking summary judgment under rule 166a(c) must demonstrate that there is no
genuine issue as to any material fact and that it is entitled to judgment as a matter of
law. Tex. R. Civ. P. 166a(c); Browning v. Prostok, 165 S.W.3d 336, 344 (Tex. 2005). 
When, as here, the order granting summary judgment does not specify which of the
several grounds asserted formed the basis of the trial court's rendition, we may affirm
the summary judgment if any theory presented to the trial court and preserved for
appellate review is meritorious. See id.; W. Inv., Inc. v. Urena, 162 S.W.3d 547, 550
(Tex. 2005). Therefore, the appealing party must generally demonstrate that none of
the proposed grounds is sufficient to support the judgment. See Star-Telegram, Inc.
v. Doe, 915 S.W.2d 471, 473 (Tex. 1995); Ellis v. Precision Engine Rebuilders, Inc.,
68 S.W.3d 894, 898 (Tex. App.--Houston [1st Dist.] 2002, no pet.). 

 When the appealing party does not challenge a ground on which the movant
sought summary judgment in the trial court, settled summary-judgment principles
demand that we affirm--without considering whether the summary judgment was
rendered properly or improperly on the unchallenged ground--given that we may not
reverse without properly assigned error. See Star-Telegram, Inc., 915 S.W.2d at 473;
see also Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970) (affirming
summary judgment because "it may have been based on a ground not specifically
challenged" on appeal and "there was no general assignment that the trial court erred
in granting summary judgment.") (supporting citations omitted); Vawter v. Garvey,
786 S.W.2d 263, 264 (Tex. 1990) (proscribing reversal of summary judgment without
properly assigned error); Wilchester W. Concerned Homeowners LDEF, Inc. v.
Wilchester W. Fund, Inc., 177 S.W.3d 552, 563, 566 (Tex. App.--Houston [1st Dist.]
2005, pet. denied) (applying stated standard to affirm on unchallenged grounds).

 Hou-Tex attacks only the trial court's having implicitly rejected Hou-Tex's
motion to compel arbitration. Hou-Tex does not challenge the summary judgment on
any of the six alternative grounds on which the De Lemoses relied. Had the trial
court granted Hou-Tex's motions to stay and to compel, arbitration would have
ensued, rather than rendition of summary judgment in favor of the De Lemoses. By
rendering summary judgment in favor of the De Lemoses, therefore, the trial court
ruled on the merits of their motion and necessarily, albeit impliedly, rejected Hou-Tex's motions to compel arbitration and to stay pending outcome of arbitration. We
therefore address this challenge to the summary judgment. 


B. Whether Contract between De Lemoses and Randel Homes Compels
Arbitration of Claims by Nonsignatory Hou-Tex 


 1. General Principles


 As the party attempting to compel arbitration, Hou-Tex had to establish at the
outset that its dispute falls within the scope of a valid arbitration agreement. See In re
Merrill Lynch Trust Co., 235 S.W.3d 185, 187 (Tex. 2007); J.M. Davidson, Inc. v.
Webster, 128 S.W.3d 223, 227 (Tex. 2003). When, as here, the opponent objects to
arbitration, the trial court determines as a matter of law whether an agreement to
arbitrate exists. J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 227. This is a
question of state contract law that we review de novo. See In re Merrill Lynch, 235
S.W.3d at 187; J.M. Davidson, 128 S.W.3d at 227 (citing First Options of Chicago,
Inc. v. Kaplan, 514 U.S. 938, 944, 115 S. Ct. 1920, 1924 (1995) (holding that courts
"generally . . . should apply ordinary state-law principles that govern the formation of
contracts" in determining whether parties have agreed to arbitrate)). 

 If the parties have agreed, and if the agreement encompasses the dispute, then
the law favors arbitration. In re Merrill Lynch, 235 S.W.3d at 187. But the parties
must have agreed. See id. at 192. Arbitration agreements are thus "'as enforceable as
other contracts'"; they are not, however, "'more'" enforceable than other contracts. Id.
(quoting Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 404 n.12, 87
S. Ct. 1801, 1806 n.12 (1967)). "[U]nder both Texas and federal law, arbitrability turns
on the substance of a claim, not artful pleading." Id. at 190. The dispositive inquiry
then, is whether the parties have agreed to arbitration: if they have not, no trial court
has discretion to compel that they arbitrate; if they have, no trial court has discretion
"to let one wriggle out." Id. at 193.

 It is undisputed that Hou-Tex is neither a signatory nor party to the contract
between the De Lemoses and Randel Homes. Nonsignatories, or "nonparties," to an
agreement containing an arbitration clause may be bound by the provisions of the
clause "when the rules of law or equity would bind them to the contract generally." In
re Weekley Homes, 180 S.W.3d at 129. Federal arbitration law recognizes several
theories of contract and agency law that authorize binding a nonsignatory to an
arbitration agreement. See In re Kellogg Brown & Root, Inc., 166 S.W.3d 732, 739
(Tex. 2005). For a nonsignatory like Hou-Tex, a "contract theory" must tie the
nonsignatory to the arbitration provisions sought to be enforced. See In re Merrill
Lynch, 235 S.W.3d at 187, 194. Hou-Tex's contentions in this case invoke the two
following, contract-based theories in seeking to compel arbitration with the De
Lemoses: that the De Lemoses were equitably estopped from contesting applicability
of the arbitration clause in its contract with Randel Homes to Hou-Tex's claims, or,
alternatively, that Hou-Tex was a third-party beneficiary of that contract. See id. at 193
(addressing equitable estoppel theory of enforcement); In re Palm Harbor Homes, Inc.,
195 S.W.3d 672, 677 (Tex. 2006) (addressing third-party beneficiary theory of
enforcement). 

 2. Equitable, or "Direct Benefits," Estoppel

 Hou-Tex contends that the De Lemoses cannot deny, as against Hou-Tex, the
enforceability of the arbitration clause in their agreement with Randel Homes. When
a nonsignatory to a contract that contains an arbitration provision sues on the contract
and seeks a direct benefit from the contract, but claims that the arbitration provision
does not apply, the nonsignatory is estopped to deny enforceability of the arbitration
provision of the contract that the signatory seeks to enforce. See In re U.S. Home
Corp., 236 S.W.3d 761, 765 (Tex. 2007); In re Merrill Lynch, 235 S.W.3d at 192; In
re Weekley Homes, 180 S.W.3d at 131-32; In re Kellogg Brown & Root, 166 S.W.3d
at 739; see also Meyer v. WMCO-GP, LLC, 211 S.W.3d 302, 307 (Tex. 2006) ("When
a party's right to recover and its damages depend on the agreement containing the
arbitration provision, the party is relying on the agreement for its claims."); In re
FirstMerit Bank, 52 S.W.3d 749, 755 (Tex. 2001) (holding that a litigant who sues
based on a contract subjects himself to the contract's terms ). 

 The preceding cases, which bound a nonsignatory to an arbitration clause
contained in the contract based on the doctrine of direct-benefits estoppel, are not
applicable here. The supreme court does not apply direct-benefits estoppel when the
claimed benefits are "insubstantial" or "indirect." In re Weekley Homes, 180 S.W.3d
at 134. Neither does the doctrine apply to bind a nonsignatory to a contract with an
arbitration provision if the claim merely "relates" to the contract. In re Kellogg Brown
& Root, Inc., 166 S.W.3d at 741. Claims by a nonsignatory that "can stand
independently of the underlying contract" should generally not be arbitrated. Id. at
739-40. 

 In Kellogg Brown & Root, a signatory to a fabrication contract containing an
arbitration clause sought to compel Kellogg, Brown & Root (KBR) to arbitrate its
quantum meruit claim against that party, on the grounds that KBR's claims for "labor
and services were linked inextricably" to the fabrication contract. Id. at 740. Because
KBR provided its labor and services pursuant to a different contract and sought its
benefits from that contract, and thus sought no benefit from the fabrication contract,
the supreme court rejected the claimant's reliance on the doctrine of direct-benefit
estoppel in seeking to compel KBR to arbitrate its claim. Id. at 741.

 The same analysis defeats Hou-Tex's reliance on the doctrine in this case. 
Despite the tangential relationship between Hou-Tex's quantum meruit claims to the
construction contract between Randel Homes and the De Lemoses, Hou-Tex claims no
direct benefit under that contract--beyond its arbitration clause. Much like the
fabrication contract in Kellogg Brown & Root, see id., the contract here disclaimed any
"agent, employee, servant, or representative" relationship between any subcontractors,
like Hou-Tex, and either Randel Homes or the De Lemoses and further identified all
subcontractors as independent contractors. The benefit Hou-Tex seeks through its
quantum meruit claims in this case, like the benefits KBR sought in Kellogg Brown &
Root, seek payment for services rendered pursuant to a different contract, specifically,
Hou-Tex's contract with the subcontractor that requested delivery of the cement mix
and later defaulted on payment. See id. That obligation stands alone and is, therefore,
separate from the De Lemoses' construction contract with Randel Homes, as that
contract expressly states. See id. Hou-Tex's claims deriving from chapter 53 of the
Property Code likewise stand alone and seek no benefit from the De Lemoses' contract
with Randel Homes. See id. 

 For these reasons, we hold that the trial court's implied rejection of Hou-Tex's
equitable estoppel claims asserted against the De Lemoses was correct as a matter of
law, and, therefore, that the trial court properly rejected Hou-Tex's motions to compel
and to stay arbitration in rendering summary judgment for the De Lemoses. 

 3. Third-Party Beneficiary

 A stranger to a contract may enforce the contract as a third-party beneficiary if
the parties to the contract intended to secure a benefit to that third party and entered
into the contract directly for the third party's benefit. In re Palm Harbor Homes, Inc.,
195 S.W.3d at 677 (citing Stine v. Stewart, 80 S.W.3d 586, 589 (Tex. 2002); MCI
Telecomms. Corp. v. Tex. Utils. Elec. Co., 995 S.W.2d 647, 651 (Tex. 1999)). The
third party in Palm Harbor Homes sought to compel arbitration on the grounds that the
agreement inured to the benefit of the manufacturer of the home in question. Id. By
the express terms of the agreement, therefore, the parties to the agreement entered into
it, at least in part, directly for the third party manufacturer's benefit, who properly
claimed third-party beneficiary status. See id.

 In contrast, nothing in the construction contract between the De Lemoses and
Randel Homes in this case can be construed to inure to Hou-Tex's benefit. Indeed, as
addressed above, that contract disclaims any "agent, employee, servant, or
representative" relationship on which a third-party beneficiary claim might be
premised. We therefore hold that the trial court's implied rejection of Hou-Tex's third-party beneficiary contentions asserted against the De Lemoses was correct as a matter
of law, and, therefore, that the trial court properly rejected Hou-Tex's motions to
compel and to stay arbitration in rendering summary judgment for the De Lemoses.

 We overrule Hou-Tex's first point of error.

Severance


 Hou-Tex's second point of error purports to challenge rendition of summary
judgment in favor of the De Lemoses on the narrow ground that they are "necessary
parties" to resolution of its dispute, by virtue of the trial court's having granted Hou-Tex leave to add Randel Homes as a third-party defendant. Hou-Tex provides neither
authorities nor citations to the record to support its contentions, as required by Tex. R.
App. P. 38.1(h), and has therefore waived any error. Holloway-Houston, Inc. v. Gulf
Coast Bank & Trust Co., 224 S.W.3d 353, 361 n.3 (Tex. App.--Houston [1st Dist.]
2006, no pet.).

 We overrule Hou-Tex's second point of error.

Conclusion


 We affirm the judgment of the trial court.





 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.
1. Other provisions of this "arbitration clause" required that the owner and contractor
attempt to resolve their dispute "through informal discussions" and to submit the
dispute to non-binding mediation. Binding arbitration, however, was owner's and
contractor's final recourse. 
2. The De Lemoses later negotiated with a different contractor to complete construction
of the new residence. 
3. It is undisputed that Hou-Tex filed its mechanic's and materialmen's lien more than
30 days after Randel Homes abandoned the construction contract and, thus, after the
deadline imposed by section 53.103(2) of the Property Code. See Tex. Prop. Code
Ann. § 53.103(2) (Vernon 2007).
4. See Tex. Prop. Code Ann. § 53.101 (Vernon 2007).