Opinion issued June 4, 2009

 







In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00791-CV






AMERICAN NATIONAL INSURANCE COMPANY; 

AMERICAN NATIONAL INVESTMENT ACCOUNTS, INC; SM&R
INVESTMENTS, INC.; AMERICAN NATIONAL PROPERTY AND
CASUALTY COMPANY; STANDARD LIFE AND ACCIDENT
INSURANCE COMPANY; FARM FAMILY CASUALTY INSURANCE
COMPANY; AND NATIONAL WESTERN LIFE INSURANCE COMPANY,
Appellants


V.


DEUTSCHE BANK SECURITIES (F/K/A DEUTSCHE BANK ALEX
BROWN, INC. AND DEUTSCHE BANK ALEX BROWN), Appellee






On Appeal from the 133rd District Court

Harris County, Texas

Trial Court Cause No. 2006-35256






MEMORANDUM OPINION

 Appellants, plaintiffs in trial court, American National Insurance Company;
American National Investment Accounts, Inc; SM&R Investments, Inc.; American
National Property and Casualty Company; Standard Life and Accident Insurance
Company; Farm Family Casualty Insurance Company; and National Western Life
Insurance Company (the companies) bring this appeal to challenge a summary
judgment rendered in favor of appellee, Deutsche Bank Securities, f/k/a Deutsche
Bank Alex Brown, Inc. and Deutsche Bank Alex Brown (Deutsche Bank). (1) The
companies acknowledge that the trial court rendered summary judgment against them
"on all causes of action." Their single issue nonetheless asks only the question, 
"Should the limitation period for the tort of conspiracy to commit fraud be the same
as the underlying tort?" The companies do not assert a global challenge to the trial
court's rendering summary judgment in favor of Deutsche Bank. Likewise, the
companies do not challenge alternative grounds urged by Deutsche Bank, on which
the trial court may have relied in rendering summary judgment. These circumstances
compel that we affirm the trial court's judgment without addressing the merits.

Underlying Facts and Procedural History


 The companies are institutional investors who seek relief from Deutsche Bank
relating to purchases of securities of the former Enron Corporation. The companies
sued Deutsche Bank, seeking damages, including punitive damages, and equitable
relief, or both, claiming that Deutsche Bank violated article 581-33 of the Texas
Securities Act, see Tex. Rev. Civ. Stat. Ann. art. 581-33 (Vernon 1964 & Supp.
2008) and committed statutory fraud in stock transactions proscribed by Tex. Bus.
& Comm. Code Ann. § 27.01 (Vernon 2009). The companies also sought relief for
common law fraud and civil conspiracy and claimed that Deutsche Bank fraudulently
concealed its tortious conduct. 

 Deutsche Bank moved for summary judgment on the following grounds: 

 1. Claims by two of the companies, relating to 1992 and 1993
purchases, required dismissal because the claims predate the
alleged fraud.


 2. Texas common law does not recognize claims for securities
"holder" fraud.


 3. Limitations bars the civil conspiracy claims.


 4. The claims for violations of the Blue Sky Laws cannot succeed.


 5 The claims for statutory fraud cannot succeed.


 6. The claims for common-law fraud cannot succeed because of lack
of evidence of reliance.


 In addition to their response to Deutsche Bank's motion, the companies also
filed a motion for partial summary judgment on the issue of the limitations bar for
their civil conspiracy claims. The trial court conducted an oral hearing to consider
the motion among other matters and rendered summary judgment against the
companies and in favor of Deutsche Bank. (2) The trial court did not deny the
companies' motion for partial summary judgment and did not state the ground or
grounds on which it based its ruling.

Standard of Review


 We review summary judgments de novo and according to well-settled
standards. See Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). 
A defendant who moves for traditional summary judgment on the plaintiff's claims
must conclusively disprove at least one element of each of the plaintiff's causes of
action. Little v. Tex. Dep't of Criminal Justice, 148 S.W.3d 374, 381 (Tex. 2004). 
A defendant who moves for traditional summary judgment on an affirmative defense
must conclusively establish all elements of that affirmative defense. Chau v. Riddle,
254 S.W.3d 453, 455 (Tex. 2008).

 When, as here, a summary judgment does not specify the grounds on which it
was granted, the appealing party must demonstrate on appeal that none of the
proposed grounds is sufficient to support the judgment. See FM Props. Operating
Co. v. City of Austin, 22 S.W.3d 868, 872-73 (Tex. 2001); Price v. Divita, 224
S.W.3d 331, 336 (Tex. App.--Houston [1st Dist.] 2006, pet. denied); Ellis v.
Precision Engine Rebuilders, Inc., 68 S.W.3d 894, 898 (Tex. App.--Houston [1st
Dist.] 2002, no pet.). We may affirm on any ground offered that has merit and was
preserved for review. FM Props. Operating Co., 22 S.W.3d 868, 872-73 (Tex. 2001)
(stating general rule); see Price, 224 S.W.3d at 336 (applying rule to Tex. R. Civ. P.
166a(i) motion) (citing State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380
(Tex. 1993) (applying rule to Tex. R. Civ. P. 166a(c) motion)). 

 When the appealing party does not assert a broad challenge to rendition of the
adverse summary judgment and does not challenge a ground on which the movant
asserted a right to summary judgment in the trial court, we must affirm--without
considering whether the summary judgment was rendered properly or improperly on
the unchallenged ground. See Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121
(Tex. 1970) (stating that summary judgment "must stand," because it may have been
based on a ground not specifically challenged by the plaintiff" and because "there was
no general assignment that the trial court erred in granting summary judgment")
(supporting citations omitted); (3) Vawter v. Garvey, 786 S.W.2d 263, 264 (Tex. 1990)
(proscribing reversal of summary judgment without properly assigned error); see also
McCoy v. Rogers, 240 S.W.3d 267, 272 (Tex. App.--Houston [1st Dist.] 2007, pet.
denied) (holding that failure to assert challenge and argument and authorities to
defeat alternative grounds on which prevailing party relied in moving for no-evidence
summary judgment precluded review of alternative grounds, despite broad Malooly
challenge on appeal) (citing Malooly, 461 S.W.2d at 121 and Maranatha Temple, Inc.
v. Enter. Prods. Co., 893 S.W.2d 92, 106 (Tex. App.--Houston [1st Dist.] 1994, writ
denied)). 

Lack of Challenge to All Possible Grounds Bars Review of Merits


 The companies' single issue on appeal challenges whether the two-year statute
of limitations bars their civil conspiracy claims. Yet, the limitations bar to the
companies' civil conspiracy claims was but one of six grounds on which Deutsche
Bank relied in moving for summary judgment. Because the summary judgment does
not recite the basis of the trial court's reasoning in rendering judgment in favor of
Deutsche Bank, the limitations bar is also but one of six possible grounds on which
the trial court may have relied in rendering summary judgment. 

 Under the settled law that controls this case, we may not reverse a judgment for
a reason not raised in a point of error. See Walling v. Metcalfe, 863 S.W.2d 56, 58
(Tex. 1993); Vawter, 786 S.W.2d at 264 (applying principle in context of summary
judgment); McCoy, 240 S.W.3d at 272. Similarly, we may not grant relief unless the
party asserting error provides argument and supporting authorities. Tex. R. App. P.
38.1(e), (h); see McCoy, 240 S.W.3d at 272; Maranatha Temple, Inc., 893 S.W.2d at
106 (applying rule 74(f) of former Rules of Appellate Procedure). 

 As the nonmovants seeking to set aside a summary judgment that did not state
any grounds to support its rendition, the companies' burden on appeal is to
demonstrate that none of the arguments on which Deutsche Bank relied supports the
judgment rendered. See FM Props. Operating Co., 22 S.W.3d at 872-73; McCoy,
240 S.W.3d at 272; Price, 224 S.W.3d at 336. But the companies challenge only one
of the six possible grounds on which Deutsche Bank relied, and on which the trial
court may have relied in rendering summary judgment. In addition, and in contrast
to the appealing party in McCoy, 240 S.W.3d at 272, the companies have not asserted
a broad, global challenge contending that the trial court erred by rendering summary
judgment. Accordingly, this Court has no authority to address the alternative grounds 
on which Deutsche Bank relied in moving for summary judgment. See Malooly
Bros., 461 S.W.2d at 121. 

 Under the circumstances presented by the companies' brief and the summary-judgment record, we must affirm, without regard to whether the trial court's ruling
was correct or erroneous. See FM Props. Operating, 22 S.W.3d at 872-73; Malooly
Bros., 461 S.W.2d at 121; Kipp v. Dyncorp Tech. Servs., LLC, No. 01-06-00906-CV,
2007 WL 3293719, at *4-5 (Tex. App.--Houston [1st Dist.] Nov. 8, 2007, no pet.)
(mem. op.); see also Vawter, 786 S.W.2d at 264 (proscribing reversal of summary
judgment without properly assigned error).

Conclusion


 We affirm the judgment of the trial court.




 Sherry Radack


 Chief Justice

 

Panel consists of Chief Justice Radack and Justices Taft and Sharp. 
1. The companies initially sued the following entities in addition to Deutsche Bank: 
Credit Suisse First Boston, Inc.; Credit Suisse First Boston, LLC; Credit Suisse First
Boston (USA), Inc.; and Pershing LLC
. Their live pleadings, however, reflect that
they abandoned their claims against those entities and sought relief only from
Deutsche Bank. 
2. The reporter's record of the hearing clarifies that the companies added the claim of
fraudulent concealment to their live amended petition in order to avoid statutory caps
that might apply to the companies' existing claims for statutory and common-law
fraud, rather than to allege a new claim in addition to those claims. Because the
fraudulent concealment claim thus encompassed the companies' existing statutory and
common-law fraud claims, the trial court did not grant more relief than requested in
rendering summary judgment in favor of Deutsche Bank. See Rotating Servs. Indus.,
Inc. v. Harris, 245 S.W.3d 476, 487 (Tex. App.--Houston [1st Dist.] 2007, pet.
denied). 
3. When the appealing party brings a general point of error contending that the trial court
erred in granting the motion for summary judgment, this authorizes the party against
whom judgment was rendered to challenge all possible grounds on which the trial
court might have relied in rendering judgment. See Plexchem Int'l, Inc. v. Harris
County Appraisal Dist., 922 S.W.2d 930, 931 (Tex. 1996); Malooly Bros., Inc. v.
Napier, 461 S.W.2d 119, 121 (Tex. 1970).