Opinion issued December 3, 2024



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00601-CV

_____

**KATHY FELDER, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, H.F., AND DAVID FELDER, Appellants**

**V.**

**SEALY DENTAL CENTER AND ROBYN WILLIAMS, Appellees**

---

**On Appeal from the 155th District Court**
**Austin County, Texas**
**Trial Court Case No. 2023V-0002**

---

## MEMORANDUM OPINION

This is an appeal from the trial court's dismissal of the Felders' lawsuit. Because the Felders do not raise an issue relating to the sole legal reason for the trial court's dismissal of their suit, we affirm.

**Background**

At a routine dental checkup, dental hygienist Robyn Williams observed petechia of the soft palate in teenaged H.F.'s mouth. After obtaining permission from the dentist, she spoke with H.F. and her mother, and she informed Kathy that petechiae of the soft palate is consistent with sexual activity including sexual abuse. H.F. and her mother—and later H.F.'s father—denied sexual activity and sexual abuse. H.F.'s parents took her to a medical doctor, who confirmed that the petechia were related to a recent viral infection.

The Felders sued Williams and the dental practice. Their petition accused Williams of "making false accusations of sexual misconduct/sexual abuse" based on the "diagnosis" of petechiae of the soft palate and committing misconduct by violating company policy. Their pleadings utilized some legal jargon and referenced various legal terms and theories.

The appellees filed several alternative motions because the Felders' pleadings were unclear, and they could not determine exactly what causes of action the Felders had pleaded. They filed a Rule 91a motion to dismiss, special exceptions, a motion to dismiss under Chapter 27 of the Texas Civil Practice and Remedies Code (the anti-SLAPP statute), and a motion to dismiss under Chapter 74 of the Texas Civil Practice and Remedies Code for failing to file an expert report in a health care liability case.

The trial court granted the appellees' special exceptions, which alleged that the Felders' allegations of defamation were "far too general" to provide fair notice of their claim. The Felders failed to file an amended pleading by the deadline imposed in the trial court's order, and their untimely amended petition again failed to plead causes of action in compliance with Texas law. The trial court then granted the appellees' motion to dismiss. The Felders appealed.

## Analysis

On appeal, the Felders argue that Williams's statements to Kathy were not about a matter of public concern and that the appellees did not establish that this was a health care liability claim. The brief does not, however, make any argument about the trial court's dismissal for failure to cure the pleading defects after it sustained the appellees' special exceptions.[1]

---

[1] Texas follows a fair notice standard of pleading, which looks to whether the opposing party can ascertain from the pleadings the nature and basic issues of the controversy and the type of evidence that might be relevant. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007). Pleadings must provide the opposing party with enough information to enable it to prepare a defense. *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015); *see* TEX. R. CIV. P. 45, 47. The purpose of a special exception is to compel the clarification of the opposing party's pleading if it is not sufficiently specific or fails to plead a cause of action. *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007); *see* TEX. R. CIV. P. 91.

Generally, when a trial court sustains a defendant's special exceptions, it must give the plaintiff an opportunity to amend the petition. *See Sonnichsen*, 221 S.W.3d at 635. If the plaintiff amends her petition but does not cure the defect, the trial court may dismiss the case. *Hamby v. State Farm Mut. Auto. Ins. Co.*, 137 S.W.3d 834, 836 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

In Texas, an individual who is a party to civil litigation has the right to represent himself at trial and on appeal. *See* TEX. R. CIV. P. 7; *Steele v. Humphreys*, No. 05-19-00988-CV, 2020 WL 6440499, at \*2 (Tex. App.—Dallas Nov. 3, 2020, no pet.) (mem. op.). "[N]o basis exists for differentiating between litigants represented by counsel and litigants not represented by counsel in determining whether rules of procedure must be followed." *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184 (Tex. 1978). "On appeal, as at trial, the pro se appellant must properly present her case." *Yeldell v. Denton Cent. Appraisal Dist.*, No. 2-07-313-CV, 2008 WL 4053014, at \*2 (Tex. App.—Fort Worth Aug. 29, 2008, pet. denied) (mem. op.). Thus, a pro se litigant is held to the same standard as a licensed attorney. *See Garrett v. Lee*, No. 01-21-00498-CV, 2021 WL 5702177, at \*2 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, pet. denied) (mem. op.).

"A court of appeals may not reverse a trial court judgment on a ground not raised." *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 782 (Tex. 2020); *see also Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) (per curiam) ("We have held repeatedly that the courts of appeals may not reverse the judgment of a trial court for a reason not raised in a[n issue presented]."); *Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex. 1990) (per curiam) ("A court of appeals may not reverse a trial court's judgment in the absence of properly assigned error."). Although the Felders intended to challenge the trial court's dismissal, they failed to raise an issue about the only

4

legal basis for the trial court's action. Even if we were to agree with the arguments made in their brief, we nevertheless could not reverse. *See Pike*, 610 S.W.3d at 782; *Walling*, 863 S.W.2d at 58; *Vawter*, 786 S.W.2d at 264.

## Conclusion

We affirm the judgment of the trial court.


Peter Kelly
Justice

Panel consists of Justices Kelly, Landau, and Rivas-Molloy.